UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>Plaintiff,<br>v.<br><br>SKYTEL CORPORATION, SMARTSYNCH, INC., USA MOBILITY, INC., AMERICAN MESSAGING SERVICES, LLC, ALL PAGE OF HOUSTON, INC., INILEX, INC., ALARM.COM INCORPORATED, FOOD AUTOMATION SYSTEMS TECHNOLOGIES, INC., VILLAGE SOFTWARE, INC., SKYGUARD, LLC, VEHICLE MANUFACTURERS, INC., HONEYWELL HOMMED, LLC, NIGHTHAWK SYSTEMS, INC., BRINK'S HOME SECURITY, INC., CARRIER CORPORATION, BECKWITH ELECTRIC CO., INC., DATAONLINE, LLC, MWA INTELLIGENCE, INC. and COMSOFT CORPORATION,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. _____<br><br>JURY TRIAL REQUESTED |

**P**LAINTIFF **EON** C**ORP**. **IP** H**OLDINGS**, **LLC'**S **O**RIGINAL **C**OMPLAINT

Plaintiff EON Corp. IP Holdings, LLC ("EON") files this Original Complaint for patent infringement against defendants SkyTel Corporation ("Skytel"), SmartSynch, Inc. ("SmartSynch"), USA Mobility, Inc. ("USA Mobility"), American Messaging Services, LLC ("American Messaging"), All Page of Houston, Inc. ("All Page"), Inilex, Inc. ("Inilex"), Alarm.com Incorporated ("Alarm.com"), Food Automation Systems Technologies, Inc. ("FAST"), Village Software, Inc. ("Village Software"), Skyguard, LLC ("Skyguard"), Vehicle Manufacturers, Inc. ("Vehicle Manufacturers"), Honeywell HomMed, LLC ("Honeywell

HomMed"), Nighthawk Systems, Inc. ("Nighthawk"), Brink's Home Security, Inc. ("Brink's"), Carrier Corporation, Beckwith Electric Co., Inc. ("Beckwith"), DataOnline, LLC ("DataOnline"), MWA Intelligence, Inc. ("MWA"), and ComSoft Corporation ("ComSoft") (collectively, the "Defendants") for infringement of U.S. Patent No. 5,388,101 (the "'101 Patent") and U.S. Patent No. 5,481,546 (the "'546 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. §271.  Copies of the Patents-in-Suit are attached as Exhibits A and B.

**PARTIES**

1. Plaintiff EON Corp. IP Holdings, LLC is a Texas limited liability company with its registered office located at 110 North College, 500 Plaza Tower, Tyler, Texas 75702. EON's registered agent, Douglas R. McSwane, Jr., is located at that same address.

2. Defendant SkyTel is a Delaware corporation with its principal place of business at 500 Clinton Center Drive. Building 2, Clinton, Mississippi 39056. The causes of action against SkyTel in this Complaint arose from or are connected with purposeful acts committed by SkyTel in Texas because, within the State of Texas and/or this judicial district, SkyTel (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. SkyTel may be served with process by serving its registered agent, CT Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201.

3. Defendant SmartSynch is a Delaware corporation with its principal place of business at 4400 Old Canton Road, Suite 300, Jackson, Mississippi 39211. SmartSynch does not maintain a regular place of business in Texas and does not have a registered agent in Texas for service of process. The cause of action against SmartSynch in this Complaint arose from or is connected with purposeful acts committed by SmartSynch in Texas because, within the State of

Texas and/or this judicial district, SmartSynch (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code and Article 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as SmartSynch's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. The Secretary of State shall forward citation and a copy of this Complaint to SmartSynch's registered agent, Donna Grewe, at 4400 Old Canton Road, Suite 300, P.O. Box 12250, Jackson, Mississippi 39236.

4.   Defendant USA Mobility is a Delaware corporation with its principal place of business at 6677 Richmond Highway, 4th Floor, Alexandria, Virginia 22309. The causes of action against USA Mobility in this Complaint arose from or are connected with purposeful acts committed by USA Mobility in Texas because, within the State of Texas and/or this judicial district, USA Mobility (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. USA Mobility may be served with process by serving its registered agent, Corporation Service Company, at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

5.   Defendant American Messaging is a Delaware limited liability company with its principal place of business at 1720 Lakepointe Drive, Suite 100, Lewisville, Texas 75057. The causes of action against American Messaging in this Complaint arose from or are connected with purposeful acts committed by American Messaging in Texas because, within the State of Texas and/or this judicial district, American Messaging (a) uses or induces others to use a two-way

communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. American Messaging may be served with process by serving its registered agent, Corporation Service Company, at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

6. Defendant All Page is a Texas corporation with its principal place of business at 7050 Empire Central Drive, Houston, Texas 77040. The causes of action against All Page in this Complaint arose from or are connected with purposeful acts committed by All Page in Texas because, within the State of Texas and/or this judicial district, All Page (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. All Page may be served with process by serving its registered agent, Thomas James Flaherty, at 10723 Cypresswood Drive, Houston, Texas 77070.

7. Defendant Inilex is an Arizona corporation with its principal place of business at 125 W. Gemini Drive, Suite E19-20, Tempe, Arizona 85283. The causes of action against Inilex in this Complaint arose from or are connected with purposeful acts committed by Inilex in Texas because, within the State of Texas and/or this judicial district, Inilex (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code and Article 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Inilex's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. The

Secretary of State shall forward citation and a copy of this Complaint to Inilex's registered agent, Scott Ferguson, at 125 W. Gemini Drive, Suite E19-20, Tempe, Arizona 85283.

8. Defendant Alarm.com is a Delaware corporation with its principal place of business at 1861 International Drive, McLean, Virginia 22102. The causes of action against Alarm.com in this Complaint arose from or are connected with purposeful acts committed by Alarm.com in Texas because, within the State of Texas and/or this judicial district, Alarm.com (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code and Article 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Alarm.com's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. The Secretary of State shall forward citation and a copy of this Complaint to Alarm.com's registered agent, The Corporation Trust Company, Corporation Trust Center, at 1209 Orange Street, Wilmington, Delaware 19801.

9. Defendant FAST is a New Jersey corporation with its principal place of business at 47 Skyline Drive, Morrison, New Jersey 07960. The causes of action against FAST in this Complaint arose from or are connected with purposeful acts committed by FAST in Texas because, within the State of Texas and/or this judicial district, FAST (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. FAST may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC—Lawyers Incorporating Service Company, at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

10.     Defendant Village Software is a Massachusetts corporation with its principal place of business at 76 Summer Street, 6th Floor, Boston, Massachusetts 02110.  The causes of action against Village Software in this Complaint arose from or are connected with purposeful acts committed by Village Software in Texas because, within the State of Texas and/or this judicial district, Village Software (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code and Article 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Village Software's agent for service of process in this action.  The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested.  The Secretary of State shall forward citation and a copy of this Complaint to Village Software's president, Ford D. Cavallari, at 50 Battery Street, Boston, Massachusetts 02109.

11.     Defendant Skyguard is a Delaware limited liability company with its principal place of business at 801 Motor Parkway, Suite 200, Hauppauge, NY 11788.  The causes of action against Skyguard in this Complaint arose from or are connected with purposeful acts committed by Skyguard in Texas because, within the State of Texas and/or this judicial district, Skyguard (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code and Article 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Skyguard's agent for service of process in this action.  The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified

mail, return receipt requested. The Secretary of State shall forward citation and a copy of this Complaint to Skyguard's agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

12. Defendant Vehicle Manufacturers is a New York corporation with its principal place of business at 129 Grisson Way, Hauppauge, New York 11788. The causes of action against Vehicle Manufactures in this Complaint arose from or are connected with purposeful acts committed by Vehicle Manufacturers in Texas because, within the State of Texas and/or this judicial district, Vehicle Manufacturers (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code and Article 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Vehicle Manufacturer's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. The Secretary of State shall forward citation and a copy of this Complaint to Vehicle Manufacturer's chairman or chief executive officer, George Wafer, at 2095 Expressway Drive N, Hauppauge, New York 11788.

13. Defendant Honeywell HomMed is a Delaware limited liability company with its principal place of business at 3400 Intertech Drive, Suite 200, Brookfield, Wisconsin 53045. The causes of action against Honeywell HomMed in this Complaint arose from or are connected with purposeful acts committed by Honeywell HomMed in Texas because, within the State of Texas and/or this judicial district, Honeywell HomMed (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and

(b) transacts other business in Texas. Honeywell HomMed may be served with process by serving its agent, may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

14. Defendant Nighthawk is a Nevada corporation with its principal place of business at 10715 Gulfdale, Suite 200, San Antonio, Texas 78216. The causes of action against Nighthawk in this Complaint arose from or are connected with purposeful acts committed by Nighthawk in Texas because, within the State of Texas and/or this judicial district, Nighthawk (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Nighthawk may be served with process by serving its agent, National Corporate Research, Ltd., at 800 Brazos, Suite 400, Austin, Texas 78701.

15. Defendant Brink's is a Delaware corporation with its principal place of business at 1801 Bayberry Court, P.O. Box 18100, Richmond, Virginia 23226. The causes of action against Brink's in this Complaint arose from or are connected with purposeful acts committed by Brink's in Texas because, within the State of Texas and/or this judicial district, Brink's (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Brink's may be served with process by serving its agent, CT Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201.

16. Defendant Carrier Corporation is a Delaware corporation with its principal place of business at 10 Farm Springs Road, Farmington, Connecticut 06032. The causes of action against Carrier Corporation in this Complaint arose from or are connected with purposeful acts

committed by Carrier Corporation in Texas because, within the State of Texas and/or this judicial district, Carrier Corporation (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Carrier Corporation may be served with process by serving its agent, CT Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201.

17.     Defendant Beckwith is a Florida corporation with its principal place of business at 6190 118th Avenue North, Largo, Florida 33773. The causes of action against Beckwith in this Complaint arose from or are connected with purposeful acts committed by Beckwith in Texas because, within the State of Texas and/or this judicial district, Beckwith (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code and Article 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Beckwith's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. The Secretary of State shall forward citation and a copy of this Complaint to Beckwith's agent, Thomas R. Beckwith, at 6190 118th Avenue North, Largo, Florida 33773.

18.     Defendant DataOnline is a New Jersey limited liability company with its principal place of business at 10 Cottage Street, Berkeley Heights, New Jersey 07922. The causes of action against DataOnline in this Complaint arose from or are connected with purposeful acts committed by DataOnline in Texas because, within the State of Texas and/or this judicial district, DataOnline (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas.

Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code and Article 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as DataOnline's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. The Secretary of State shall forward citation and a copy of this Complaint to DataOnline's agent, Robert Barnacle, at 10 Cottage Street, Berkeley Heights, New Jersey 07922.

19.     Defendant MWA is a Delaware corporation with its principal place of business at 17250 N Hartford Drive, Suite 102, Scottsdale, Arizona 85255. The causes of action against MWA in this Complaint arose from or are connected with purposeful acts committed by MWA in Texas because, within the State of Texas and/or this judicial district, MWA (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code and Article 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as MWA's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. The Secretary of State shall forward citation and a copy of this Complaint to MWA's president and chief executive officer, Mike Stramaglio, at 17250 N Hartford Drive, Suite 102, Scottsdale, Arizona 85255.

20.     Defendant ComSoft is a Virginia corporation with its principal place of business at 100 N. Constitution Drive, Suite 2, Yorktown, Virginia 23692. The causes of action against ComSoft in this Complaint arose from or are connected with purposeful acts committed by

ComSoft in Texas because, within the State of Texas and/or this judicial district, ComSoft (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code and Article 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as ComSoft's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. The Secretary of State shall forward citation and a copy of this Complaint to ComSoft's registered agent, Mark A. Smith, Reichle & Smith, PC, 5629 George Washington Memorial Highway, Suite A, Yorktown, Virginia 23692.

## JURISDICTION AND VENUE

21.     This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §271.

22.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

23.     This Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly or through intermediaries, offers for sale, sells, and/or advertises (including through the provision of an interactive web page) its services in the State of Texas and/or the Eastern District of Texas. These infringing services have been and continue to be purchased and/or used by consumers in the State of Texas and/or the Eastern District of Texas. Each Defendant has committed the tort

of patent infringement within the State of Texas, and one or more of the Defendants have committed the tort of patent infringement within the Eastern District of Texas.

24. Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b).

### COUNT 1: PATENT INFRINGEMENT

25. On February 7, 1995, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '101 Patent entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units" after a full and fair examination.  EON is the assignee of all rights, title, and interest in and to the '101 Patent and possesses all rights of recovery under the '101 Patent, including the right to recover damages for past infringement.

26. On January 2, 1996, the USPTO duly and legally issued the '546 Patent, entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units" after a full and fair examination.  EON is the assignee of all rights, title, and interest in and to the '546 Patent and possesses all rights of recovery under the '546 Patent, including the right to recover damages for past infringement.

27. Each of the Patents-in-Suit is valid and enforceable.

28. Upon information and belief, SkyTel has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

29. Upon information and belief, SmartSynch has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

30. Upon information and belief, USA Mobility has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

31. Upon information and belief, American Messaging has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

32. Upon information and belief; All Page has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

33.     Upon information and belief; Inilex has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

34.     Upon information and belief; Alarm.com has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

35.     Upon information and belief; FAST has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

36.     Upon information and belief; Village Software has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

37.     Upon information and belief; Skyguard has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the

doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

38.     Upon information and belief; Vehicle Manufacturers has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

39.     Upon information and belief; Honeywell HomMed has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

40.     Upon information and belief; Nighthawk has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

41.     Upon information and belief; Brink's has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using,

offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

42. Upon information and belief; Carrier Corporation has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

43. Upon information and belief; Beckwith has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

44. Upon information and belief; DataOnline has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

45. Upon information and belief; MWA has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

46.    Upon information and belief; ComSoft has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

47.    EON has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are enjoined from their infringement of the Patents-in-Suit, will suffer irreparable harm.

48.    EON is in compliance with the requirements of 35 U.S.C. §287.

49.    Defendants, by way of their infringing activities, have caused and continue to cause EON to suffer damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, EON prays for the following relief:

A.    A judgment in favor of EON that Defendants have infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit;

B    A permanent injunction enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit;

C.    An award to EON of the damages to which it is entitled under 35 U.S.C. §284 for Defendants' past infringement and any continuing or future infringement up until the date

Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

E.  A judgment and order requiring Defendants to pay the costs of this action (including all disbursements) as well as attorneys' fees as provided by 35 U.S.C. §285;

F.  An award to EON of pre-judgment and post-judgment interest on its damages; and

G.  Such other and further relief in law or in equity to which EON may be justly entitled.

## DEMAND FOR JURY TRIAL

EON demands a trial by jury of any and all issues triable of right before a jury.

DATED:  September 29, 2008.

Respectfully submitted,

JACKSON WALKER LLP


 /s/ Douglas R. McSwane, Jr.
A.M. (Russ) Meyer, Jr. – Lead Counsel
Texas State Bar No. 13998700
John M. Jackson
Texas State Bar No. 24002340
JACKSON WALKER, LLP
901 Main Street, Suite 6000
Dallas, TX 75202
[Tel.] (214) 953-6134
[Fax]: (214) 953-6613
email: rmeyer@jw.com

Daniel Scardino
Texas State Bar No. 24033165
Chris Johns
Texas State Bar No. 24044849
JACKSON WALKER, LLP
100 Congress Avenue, Suite 1100
Austin, Texas 78701
[Tel.] (512) 236-2000
[Fax] (512) 236-2002
email: dscardino@jw.com

Douglas R. McSwane, Jr.
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas  75710
(903) 597 8311
(903) 593 0846 (Facsimile)

**ATTORNEYS FOR PLAINTIFF
EON CORP. IP HOLDINGS, LLC**