IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:08-CV-00385-LED |
| SKYTEL CORPORATION, SMARTSYNCH, INC., USA MOBILITY, INC., AMERICAN MESSAGING SERVICES, LLC, ALL PAGE OF HOUSTON, INC., INILEX, INC., ALARM.COM INCORPORATED, FOOD AUTOMATION SYSTEMS TECHNOLOGIES, INC., VILLAGE SOFTWARE, INC., SKYGUARD, LLC, VEHICLE MANUFACTURERS, INC., HONEYWELL HOMMED, LLC, NIGHTHAWK SYSTEMS, INC., BRINKS HOME SECURITY, INC., CARRIER CORPORATION, BECKWITH ELECTRIC CO., INC., DATAONLINE, LLC, MWA INTELLIGENCE, INC., COMSOFT CORPORATION., FOOD AUTOMATION – SERVICE TECHNIQUES, INC., | § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**ANSWER, COUNTERCLAIM AND CROSS-CLAIMS**
**OF BRINKS'S HOME SECURITY, INC.**

Defendant Brink's Home Security, Inc. ("Brink's") hereby answers the First Amended Complaint ("Complaint") of Plaintiff Eon Corp. IP Holdings, LLC ("Eon") and counterclaims against Eon.

**Parties**

1. In answer to paragraph 1 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

2. In answer to paragraph 2 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

3. In answer to paragraph 3 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

4. In answer to paragraph 4 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

5. In answer to paragraph 5 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

6. In answer to paragraph 6 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

7. In answer to paragraph 7 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

8. In answer to paragraph 8 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

9. In answer to paragraph 9 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

10. In answer to paragraph 10 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

11. In answer to paragraph 11 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

12. In answer to paragraph 12 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

13. In answer to paragraph 13 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

14. In answer to paragraph 14 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

15. In answer to paragraph 15 of the Complaint, Brink's admits that it is a Delaware corporation, admits that it transacts business in Texas and denies all remaining allegations of paragraph 15 of the Complaint.

16. In answer to paragraph 16 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

17. In answer to paragraph 17 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

18. In answer to paragraph 18 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

19. In answer to paragraph 19 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

20. In answer to paragraph 20 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

**Jurisdiction and Venue**

21. In answer to paragraph 21 of the Complaint, Brink's admits only that the Complaint alleges an action for patent infringement and denies all remaining allegations.

22. In answer to paragraph 22 of the Complaint, Brink's admits only that the Complaint alleges an action for patent infringement and that such actions are within the subject matter jurisdiction of the Court and denies all remaining allegations.

23. In answer to paragraph 23 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to other Defendants and therefore denies the allegations. Brink's admits only that this Court has personal jurisdiction over Brink's and denies all remaining allegations.

24. In answer to paragraph 24 of the Complaint, Brink's denies that venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

**COUNT 1: Alleging Patent Infringement**

25. In answer to paragraph 25 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

26. In answer to paragraph 26 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

27. In answer to paragraph 26 of the Complaint, Brink's denies the allegations.

28. In answer to paragraph 28 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

DAL:0512624/00011:1836577v21

29. In answer to paragraph 29 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

30. In answer to paragraph 30 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

31. In answer to paragraph 31 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

32. In answer to paragraph 32 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

33. In answer to paragraph 33 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

34. In answer to paragraph 34 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

35. In answer to paragraph 35 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

DAL:0512624/00011:1836577v21

36. In answer to paragraph 36 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

37. In answer to paragraph 37 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

38. In answer to paragraph 38 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

39. In answer to paragraph 39 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

40. In answer to paragraph 40 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

41. In answer to paragraph 41 of the Complaint, Brink's denies the allegations.

42. In answer to paragraph 42 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

43. In answer to paragraph 43 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

DAL:0512624/00011:1836577v21

44. In answer to paragraph 44 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

45. In answer to paragraph 45 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

46. In answer to paragraph 46 of the Complaint, Brink's states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

47. In answer to paragraph 47 of the Complaint, Brink's denies the allegations.

48. In answer to paragraph 48 of the Complaint, Brink's denies the allegations.

49. In answer to paragraph 48 of the Complaint, Brink's denies the allegations.

## **DEFENSES**

1. Eon has failed to state a claim upon which relief may be granted.

2. The '101 and '546 patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code.

3. Brink's has not engaged in and Eon cannot prove the alleged infringement of the '101 and '546 patents.

4. The '101 and '546 patents are unenforceable against Brink's.

5. Eon's claims against Brink's are barred by estoppel.

6. Eon's claims against Brink's are barred by laches.

7. Eon's claims against Brink's are barred by license, release and/or waiver.

DAL:0512624/00011:1836577v21

8. Contractual and/or Common Law Indemnification by Inilex. To the extent Eon prevails on its claims against Brink's, Brink's is entitled to indemnification, in whole or in part, by Defendant Inilex as successor-in-interest to Advantra International N.V. against any claims brought by Eon.

9. Breach Of UCC Warranty By Inilex. To the extent Eon prevails on its claims against Brink's, Brink's is not liable to Eon because the accused products were purchased by Brink's consistent with U.C.C. § 2- 312(c) and Inilex is obligated to indemnify Brink's for the claims of Eon.

10. Contractual and/or Common Law Indemnification by USA Mobility. To the extent Eon prevails on its claims against Brink's, Brink's is entitled to indemnification, in whole or in part, by Defendant USA Mobility as successor-in-interest to Metrocall, Inc. against any claims brought by Eon.

11. Breach Of UCC Warranty By USA Mobility. To the extent Eon prevails on its claims against Brink's, Brink's is not liable to Eon because the accused products were purchased by Brink's consistent with U.C.C. § 2- 312(c) and USA Mobility is obligated to indemnify Brink's for the claims of Eon.

## Jury Demand

Brinks hereby demands a trial by jury on all issues so triable, including pursuant to Federal Rule of Civil Procedure 38.

DAL:0512624/00011:1836577v21

### Prayer for Relief as to Eon's Complaint

Brink's prays for the following relief as to the Complaint:

A.   Dismissing the Complaint with prejudice;

B.   Awarding Brink's its costs and attorneys fees; and

C.   Awarding Brink's such other and further relief as the Court deems appropriate.

### BRINK'S HOME SECURITY, INC.'S COUNTERCLAIM AGAINST EON CORP. IP HOLDINGS, LLC FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY

Defendant Brink's Home Security, Inc. ("Brink's") hereby counterclaims against Plaintiff Eon Corp. IP Holdings, LLC ("Eon") for a declaratory judgment of non-infringement, invalidity and unenforceability of United States Patents 5,388,101 ("the '101 patent") and 5,481,546 ("the '546 patent").

### Parties

1.   Brink's is a Delaware corporation with a principal place of business at 1801 Bayberry Court, P.O. Box 18100, Richmond, Virginia 23226,

2.   Upon information and belief, Eon is a Texas limited liability company with its registered office located at 110 North College, 500 Plaza Tower, Tyler, Texas 75702.

### Jurisdiction and Venue

3.   This cause of action arises under the United States patent laws, Title 35 of the United States Code, and under Declaratory Judgment Statutes 28 U.S.C. §§ 2201-2202. Brink's requests that this Court adjudge Eon's '101 patent and '546 patent to be invalid, not infringed by Brink's and/or unenforceable. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Eon because Eon has filed the present action.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400 because a substantial part of the events or omissions giving rise to the claims occurred in this District, Eon is subject to personal jurisdiction in the Eastern District of Texas and/or Eon resides in this District.

## FACTUAL BACKGROUND

8. Brink's is primarily engaged in providing home security systems and monitoring services.

9. Eon has filed the present action against Brink's alleging infringement of the '101 patent and the '546 patent.

## COUNT I
## Declaratory Judgment of Patent Invalidity

10. Brink's repeats and realleges the allegations in the above paragraphs as if fully set forth herein.

11. An actual controversy exists between Brink's and Eon as to whether the '101 and '546 patents are valid under the requirements of the United States Patent Act, 35 U.S.C. § 100, et seq., including as a result of Eon's allegations of infringement against Brink's.

12. A judicial declaration that the '101 and '546 patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code is necessary and appropriate at this time so that Brink's can ascertain its rights and duties with respect to the manufacturing and marketing of the products that Eon accuses of infringing. Brink's is entitled to a declaration and judgment that the '101 and '546 patents are invalid under the Patent Act, 35 U.S.C. § 100, et seq.

## COUNT II
### Declaratory Judgment of Non-Infringement

13. Brink's repeats and realleges the allegations in the above paragraphs as if fully set forth herein.

14. An actual controversy exists between Brink's and Eon as to whether Plaintiff's conduct constitutes infringement of any claim in the '101 and '546 patents.

15. A judicial declaration that Brink's does not infringe any claim in the '101 and '546 patents is necessary and appropriate at this time so that Brink's can ascertain its rights and duties with respect to the manufacturing and marketing of the products that Eon accuses of infringing the '101 and '546 patents. Brink's is entitled to a declaration and judgment that its acts do not constitute infringement of any claim in the '101 and '546 patents.

## COUNT III
### Declaratory Judgment of Unenforceability

16. Brink's repeats and realleges the allegations in the above paragraphs as if fully set forth herein.

17. An actual controversy exists between Brink's and Eon as to whether the '101 and '546 patents are enforceable under the requirements of the United States Patent Act, 35 U.S.C. § 100, et seq. and/or applicable precedent relating to enforceability.

18. A judicial declaration that the '101 and '546 patents are unenforceable is necessary and appropriate at this time so that Brink's can ascertain its rights and duties with respect to the manufacturing and marketing of the products that Eon accuses of infringing the '101 and '546 patents. Brink's is entitled to a declaration and judgment that the '101 and '546 patents are unenforceable under the Patent Act, 35 U.S.C. §100, et seq. and/or applicable precedent relating to enforceability.

DAL:0512624/00011:1836577v21

## COUNT IV
## Declaration of Exceptional Case

20. Brink's repeats and realleges the allegations in the above paragraphs as if fully set forth herein.

21. This case is exceptional under 35 U.S.C. § 285, and Brink's is entitled to an award of its attorneys' fees, costs, and expenses related to the adjudication of this case.

## Jury Demand

Brink's demands a trial by jury on all issues so triable, including pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF AS TO COUNTERCLAIM

WHEREFORE, Brink's prays that:

(i) The Court find and enter a judgment declaring the '101 and '546 patents are invalid;

(ii) The Court find and enter a judgment declaring that no claim from the '101 and '546 patents has been infringed by Brink's;

(iii) The Court find and enter a judgment declaring the '101 and '546 patents are unenforceable;

(iv) The Court find and enter a judgment or decree that Brink's has the right to continue to manufacture and market all of its products without any threat or other interference whatsoever from Eon;

(v) The Court declare this case exceptional under 35 U.S.C. § 285 and award Brink's its attorney's fees;

(vi) The Court award Brink's its attorneys' fees, expenses, and costs against Eon; and

(vii) The Court award Plaintiff such other and further relief as it deems just and proper.

Respectfully submitted,

Dated: February 16, 2009

/s/ Charles E. Phipps
Robert T. Mowrey
State Bar No. 14607500
Charles E. Phipps
State Bar No. 00794457
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 (telephone)
(214) 740-8800 (fax)

**COUNSEL FOR DEFENDANT
BRINK'S HOME SECURITY, INC.**

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5(a)(3)(A), I certify that a true and correct copy of the foregoing document has been served via electronic means to all counsel of record, including the following counsel for Plaintiff:

A.M. (Russ) Meyer, Jr. – Lead Counsel
JOHN M. JACKSON
JACKSON WALKER, LLP
901 Main Street, Suite 6000
Dallas, TX 75202
Telephone: (214) 953-6134
Telecopier: (214) 953-6613

Douglas R. McSwane, Jr.
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Telephone: (903) 597-8311
Telecopier: (903) 593-0846

/s/ Charles E. Phipps