**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

EON CORP. IP HOLDINGS, LLC,

       Plaintiff,

   v.

SKYTEL CORPORATION, SMARTSYNCH, INC., USA MOBILITY, INC., AMERICAN MESSAGING SERVICES, LLC, ALL PAGE OF HOUSTON, INC., INILEX, INC., ALARM.COM INCORPORATED, FOOD AUTOMATION – SERVICE TECHNIQUES, INC., VILLAGE SOFTWARE, INC., SKYGUARD, LLC, VEHICLE MANUFACTURERS, INC., HONEYWELL HOMMED, LLC, NIGHTHAWK SYSTEMS, INC., BRINK'S HOME SECURITY, INC., CARRIER CORPORATION, BECKWITH ELECTRIC CO., INC., DATAONLINE, LLC, MWA INTELLIGENCE, INC. and COMSOFT CORPORATION,

       Defendants.

Civil Action No. 6:08-cv-385-LED

JURY TRIAL DEMANDED

**USA MOBILITY, INC.'S MOTION TO STAY PROCEEDINGS**
**PENDING REEXAMINATION OF THE PATENTS-IN-SUIT**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND ..............................................................................2

III.    ARGUMENT .........................................................................................................4

      A.      No Trial Date Has Been Set:  The Early Stage of Litigation
            Overwhelmingly Supports a Stay ................................................................5

      B.      A Stay Will Narrow the Issues for Trial .....................................................6

      C.      A Stay Will Neither Prejudice EON IP Holdings Nor Give USA Mobility
            a Tactical Advantage in the Litigation ........................................................9

IV.     CONCLUSION ....................................................................................................13

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alza Corp. v. Wyeth & Wyeth Pharms., Inc.*,
   No. 9:06-CV-156, 2006 U.S. Dist. LEXIS 94962 (E.D. Tex. Nov. 21, 2006).................. 5, 6, 10

*Antor Media Corp. v. Nokia, Inc.*,
   No. 2:05-CV-186, 2006 U.S. Dist. LEXIS 96777 (E.D. Tex. Sept. 27, 2006) .......................... 5

*ASCII Corp. v. STD Entm't USA, Inc.*,
   844 F. Supp. 1378 (N.D. Cal. 1991) .......................................................................................... 6

*Astec America, Inc. v. Power-One, Inc.*,
   No. 6:07-CV-464, 2008 U.S. Dist LEXIS 55100 (E.D. Tex. Jul. 15, 2008) .............................. 5

*Bausch & Lomb, Inc., v. Alcon Lab., Inc.*,
   914 F. Supp. 951 (W.D.N.Y. 1996) ...................................................................................... 6, 10

*Bloom Eng'g Co. v. North Am. Mfg. Co.*,
   129 F.3d 1247 (Fed. Cir. 1997) ................................................................................................. 9

*Broad. Innovation, LLC v. Charter Commc'ns., Inc.*,
   No. 03-CV-2223, 2006 U.S. Dist. LEXIS 46623 (D. Colo. July 11, 2006) ........................... 5, 6

*Constellation IP, LLC v. Allstate Corp.*,
   No. 5:07-CV-132, 2008 U.S. Dist. LEXIS 46820 (E.D. Tex. May 12, 2008) ........................... 5

*Datatreasury Corp. v. Wells Fargo & Co.*,
   490 F. Supp. 2d 749 (E.D. Tex. Oct. 25, 2006) ..................................................................... 5, 8

*Echostar Techs. Corp. v. Tivo, Inc.*,
   No. 5:05-CV-81, 2006 U.S. Dist. LEXIS 48431 (E.D. Tex. July 14, 2006) .................... 5, 7, 11

*Gioello Enters. Ltd. v. Mattel, Inc.*, C.A.
   No. 99-375 GMS, 2001 U.S. Dist. LEXIS 26158 (D. Del. Jan 29, 2001) ............................ 8, 12

*Gould v. Control Laser Corp.*,
   705 F.2d 1340 (Fed. Cir. 1983) ................................................................................................. 7

*GPAC, Inc. v. D.W.W. Enter., Inc.*,
   144 F.R.D. 60 (D. N.J. 1992) .................................................................................................... 8

*In re Translogic Tech., Inc.*,
   504 F.3d 1249 (Fed. Cir. 2007) ................................................................................................. 7

*Ingro v. Tyco Indus., Inc.*,
  Case No. 84 C. 10844, 1985 U.S. Dist. LEXIS 19300 (N.D. Ill. May 31, 1985) ...................... 9

*KSR Int'l v. Teleflex, Inc.*,
  558 U.S. 398 (2007) ................................................................................................................ 3

*Laitrum Corp. v. NEC Corp.*,
  163 F.3d 1342 (Fed. Cir. 1998) .............................................................................................. 9

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ................................................................................................................ 4

*Patlex Corp. v. Mossinghoff*,
  758 F.2d 594 (Fed. Cir. 1985) ................................................................................................ 4

*Photoflex Prods. v. Circa 3 LLC*,
  No. C 04-03715, 2006 U.S. Dist. LEXIS 37743  (N.D. Cal. May 24, 2006) ........................... 11

*Premier Int'l Assocs. LLC v. Hewlett-Packard Co.*,
  554 F. Supp. 2d 717 (E.D. Tex. May 19, 2008) ...................................................................... 5

*Ricoh Co., Ltd. v. Aeroflex, Inc.*,
  No. C03-04669, 2006 U.S. Dist. LEXIS 93756 (N.D. Cal. Dec. 14, 2006) ............................. 10

*Robert H. Harris Co. v. Metal Mfg. Co.*,
  19 U.S.P.Q.2D (BNA) 1786 (E.D. Ark. June 21, 1991) ......................................................... 6

*Sorenson v. Black and Decker Corp.*,
  No. 06-CV-1572, 2007 U.S. Dist. LEXIS 66712 (S.D. Cal. Sept. 10, 2007) ........................... 12

*Spa Syspatronic, AG v. Verifone, Inc.*,
  No. 2:07-CV-416, 2008 U.S. Dist. LEXIS 34223 (E.D. Tex. Apr. 25, 2008) .................. passim

*Tap Pharm. Prods., Inc. v. Atrix Lab. Inc.*,
  No. 03 C 7822, 2004 U.S. Dist. LEXIS 3684 (N.D. Ill. Mar. 4, 2004) ................................. 6, 7

*Teradyne, Inc. v. Hewlett-Packard Co.*,
  No. C-91-0344, 1993 U.S. Dist. LEXIS 14601 (N.D. Cal. Jan. 7, 1993) ................................ 7

*Translogic Tech., Inc. v. Hitachi, Ltd.*,
  2007 U.S. App. LEXIS 23951 (Fed. Cir. Oct. 12, 2007) ...................................................... 7, 8

**STATUTES**

35 U.S.C. § 102 .......................................................................................................................... 4

35 U.S.C. § 103 .......................................................................................................................... 4

35 U.S.C. § 112 .......................................................................................................................... 4

35 U.S.C. § 252 ............................................................................................................... 9

35 U.S.C. § 305 ............................................................................................................. 11

35 U.S.C. § 307(b) .......................................................................................................... 9

35 U.S.C. § 316(b) .......................................................................................................... 9

## OTHER AUTHORITIES

H.R. Rep. No. 1307 (1980), U.S.C.C.A.N. 6460 ............................................................ 5

Kara Swisher, *Wireless, Interactive TV Coming to the Area; Reston Firm, Rival to Test Systems Allowing Shopping, Communication*, WASH. POST, Feb. 25, 1995 ............................... 2

Manual of Patent Examining Procedures § 2261 .......................................................... 11

Manual of Patent Examining Procedures § 2263 .......................................................... 11

Manual of Patent Examining Procedures § 2609 .......................................................... 12

Robert G. Sterne, et al., *Reexamination Practice with Concurrent District Court or USITC Patent Litigation*, Association of Corporate Patent Counsel Professional Program, *at* http://64.237.99.107/media/pnc/1/media.941.pdf .................................................... 3

## RULES

Fed. R. Civ. P. 4(m) ........................................................................................................ 9

## I.       INTRODUCTION

Defendant USA Mobility, Inc. ("USA Mobility") moves the Court for a stay of proceedings while the U.S. Patent and Trademark Office ("PTO") acts on USA Mobility's petitions for an *ex parte* reexamination of U.S. Patent Nos. 5,388,101 and 5,481,546 (the "patents-in-suit"), purportedly assigned to Plaintiff EON Corp. IP Holdings, LLC ("Plaintiff" or "EON IP Holdings").[1]   The petitions for reexamination, attached as Exhibits A and B,[2] were submitted on January 9, 2009, and ask that the PTO reexamine and cancel all claims of each of the two patents-in-suit.   The petitions cite substantial prior art references that were not considered by the PTO when the patents-in-suit originally issued and detail how these prior art references anticipate and/or render obvious each claim of the patents-in-suit.   (*See* Exs. A & B.)

➤ ***This case is at a very preliminary stage***:  thirteen defendants have yet to answer, no initial disclosures have been exchanged and no discovery served or taken, there is no schedule in place and no trial date has been set;

➤ ***A stay will simplify the issues in this case***:  it is highly likely that the PTO will cancel or amend claims in the patents-in-suit:  92% of reexamination requests are granted and 72% of those requests result in some or all of the claims being cancelled or changed;[3] and

➤ ***A stay presents no tactical advantage for either party and does not unduly prejudice EON IP Holdings***:  Plaintiff's purported parent company did not enforce the patents-in-suit although the allegedly infringing products/services have been on the market for over a decade and EON IP Holdings waited almost the entire 120 day period permitted by Rule 4(m) of the Federal Rules of Civil Procedure before serving the defendants.  Regardless, EON IP Holdings is an IP holding company seeking to license the patents-in-suit.[4]

---

[1]   USA Mobility has conferred in good faith with EON IP Holdings prior to filing of this motion in an effort to resolve the issues raised herein.  (*See* Cert. of Conference.)

[2]   Exhibits A and B include the reexamination requests without their associated exhibits or filing documents, due to volume.  These exhibits and filing documents will be provided to the Court on request.  EON IP Holdings was provided with complete copies on filing.

[3]   (*See* http://www.uspto.gov/web/patents/documents/ex_parte.pdf.)

[4]   (*See, e.g.,* Ex. C, T. Reed 12/12/08 ltr. to USA Mobility (offering "the opportunity to take a discounted license to the patents-in-suit").)

Congress and the PTO provided the reexamination procedure as the preferred process to address patent invalidity based on prior art.  Neither the Court nor the *sixteen* parties remaining in the case should expend resources to litigate when, in all likelihood, the asserted patent claims will *not* survive the reexamination process intact.

> Since granting a stay will maximize the likelihood that assets need not be expended to address invalid claims, it therefore generally makes sense to await the conclusion of a reexamination before resuming litigation.

*Spa Syspatronic, AG v. Verifone, Inc.*, No. 2:07-CV-416, 2008 U.S. Dist. LEXIS 34223, at *11 (E.D. Tex. Apr. 25, 2008) (citations omitted).  Because the administrative proceedings before the PTO may moot, resolve or substantially alter the issues presented in this case, and because there is no prejudice that Plaintiff EON IP Holdings will suffer, the Court should stay this action until the conclusion of the pending reexaminations of the patents-in-suit by the PTO.

## II.     FACTUAL BACKGROUND

Plaintiff EON IP Holdings is for the first time asserting two patents that were issued over 12 years ago against products and/or services that have been on the market for over a decade.  As far as USA Mobility has been able to determine, neither Plaintiff nor its purported parent company, Eon Corporation ("EON") (*see* Ex. C at 1), has sold any products or offered any services since EON announced that it would install products incorporating the patented technology in 200 Maryland homes in the spring of 1996.[5]  After more than a decade without significant commercial activity, EON IP Holdings was formed on September 26, 2008.  (Ex. D.)  EON IP Holdings then sued nineteen companies allegedly involved in the paging industry three days later.  (*See* Dkt. No. 1.)

---

[5]   Kara Swisher, *Wireless, Interactive TV Coming to the Area; Reston Firm, Rival to Test Systems Allowing Shopping, Communication*, WASH. POST, Feb. 25, 1995.

USA Mobility first obtained notice from EON IP Holdings of the lawsuit on December 15, 2008, when USA Mobility received a letter mailed by EON IP Holdings offering a license and attaching the complaint.  (Ex. C at 1-2.)  EON IP Holdings contends that because USA Mobility uses off the shelf technology acquired from Motorola in approximately 1998, USA Mobility allegedly infringes the patents-in-suit.  (*Id.* at 1.)  In its letter, EON IP Holdings acknowledged the obvious – that litigating the merits of its claims will require substantial time and resources, and that the relief EON IP Holdings seeks is solely money damages:

> Once discovery begins and both sides invest substantial time and resources litigating these patents, EON [IP Holdings] will seek a jury's determination of the true market value of the patents against each defendant and ***an award of fair compensation for prior infringement and for the future use of the technology***.

(*Id.* at 2.)[6]  That is unsurprising because EON IP Holdings is not and has never been a competitor with USA Mobility in the market for "two-way paging, messaging, and/or telemetry services," (*see* Dkt. No. 8 at ¶ 4), or otherwise.

USA Mobility responded diligently, promptly analyzing the patents-in-suit, identifying relevant prior art, and retaining experienced reexamination counsel.[7]  USA Mobility worked through the holidays, expeditiously preparing two comprehensive reexamination petitions[8] that raise substantial questions regarding the validity and patentability of the claims in the patents-in-suit.[9]  USA Mobility filed the petitions with the PTO on January 9, 2009.

---

[6]   All emphasis added unless otherwise noted.

[7]   *See* Robert G. Sterne, et al., *Reexamination Practice with Concurrent District Court or USITC Patent Litigation*, Association of Corporate Patent Counsel Professional Program, *at* http://64.237.99.107/media/pnc/1/media.941.pdf.

[8]   The reexamination petition for the U.S. Patent No. 5,388,101 (the "'101 patent") is 99 pages without exhibits.  (Ex. A.)  The reexamination petition for the U.S. Patent No. 5,481,546 (the "'546 patent") is 83 pages without exhibits.  (Ex. B.)

[9]   For example, the patents were issued well before the Supreme Court's decision in *KSR Int'l v. Teleflex, Inc.,* 558 U.S. 398 (2007), which dictated a more stringent standard for

Although USA Mobility's counsel had agreed to accept service of Plaintiff's complaint, EON IP Holdings nonetheless served USA Mobility's registered agent in Houston, Texas, three days later, on January 12, 2009. (Dkt. No. 16.)

As of the date of this motion, two (2) defendants have answered, two (2) have had the claims against them dismissed with prejudice, two (2) have had the claims against them dismissed without prejudice, and thirteen (13) defendants have yet to answer, including USA Mobility. By agreement, USA Mobility's time to respond to Plaintiff's First Amended Complaint is March 2, 2009. (Dkt. No. 74.) USA Mobility anticipates it will answer, in part, by denying infringement and asserting counterclaims seeking a declaratory judgment that any asserted claims of the patents-in-suit are not infringed and are invalid under 35 U.S.C. §§ 102 & 103. No initial disclosures have been exchanged and no discovery has been taken. The Court has neither issued a scheduling order nor set the date for its status conference. No trial date has been set.

## III.   ARGUMENT

"A district court has the inherent power to control its own docket, including the power to stay proceedings." *Spa Syspatronic,* 2008 U.S. Dist. LEXIS 34223, at *4 (citation omitted). "Optimal management of the Court's docket 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Id*. (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

It is well established that the PTO's reexamination of patents involved in litigation is grounds for a stay. *See, e.g., id*. at *14; *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985) ("The stay of pending litigation to enable PTO review of contested patents

patentability. The PTO implemented that standard by issuing to patent examiners new guidelines for determining obviousness that are used in reexamination proceedings. (*See*

was one of the specified purposes of the reexamination legislation."), *rev'd on other grounds*, 771 F.2d 480 (Fed. Cir. 1985).  Congress instituted the reexamination procedure as the preferred process to address patent invalidity based on the PTO's specialized expertise and to reduce costly litigation.  *Broad. Innovation, LLC v. Charter Commc'ns., Inc.*, No. 03-CV-2223, 2006 U.S. Dist. LEXIS 46623, at *9 (D. Colo. July 11, 2006) (citing H.R. REP. NO. 1307, 96th Cong., 2d sess., pt 7 at 4 (1980), reprinted in 1980 U.S.C.C.A.N. 6460).  Thus, "there exists a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings."  *Id.* at *12 (internal quotations omitted).[10]

"In deciding whether to stay litigation pending reexamination, courts primarily consider three factors: (1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify issues in question and the trial of the case, and (3) whether a trial date has been set."  *Spa Syspatronic,* 2008 U.S. Dist. LEXIS 34223, at *4.  USA Mobility addresses those factors in reverse order.

## A.     No Trial Date Has Been Set:  The Early Stage of Litigation Overwhelmingly Supports a Stay

This case is in its earliest possible stage.  To date, a complaint and two answers have been filed.  Thirteen (13) defendants have yet to answer or otherwise respond to the Plaintiff's allegations.  No initial disclosures have been exchanged and no discovery has been

---

http://www.uspto.gov/web/offices/com/sol/notices/72fr57526.pdf.)

[10]  Courts in this district have honored Congress' intent and granted stays in patent cases pending reexamination when appropriate.  *See, e.g.*, *Spa Syspatronic*, 2008 U.S. Dist. LEXIS 34223; *Astec America, Inc. v. Power-One, Inc.*, No. 6:07-CV-464, 2008 U.S. Dist LEXIS 55100 (E.D. Tex. Jul. 15, 2008) (granting conditional stay); *Constellation IP, LLC v. Allstate Corp.*, No. 5:07-CV-132, 2008 U.S. Dist. LEXIS 46820 (E.D. Tex. May 12, 2008); *Premier Int'l Assocs. LLC v. Hewlett-Packard Co.*, 554 F. Supp. 2d 717 (E.D. Tex. May 19, 2008); *Alza Corp. v. Wyeth & Wyeth Pharms., Inc.*, No. 9:06-CV-156, 2006 U.S. Dist. LEXIS 94962 (E.D. Tex. Nov. 21, 2006); *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749 (E.D. Tex. Oct. 25, 2006) (granting conditional stay); *Antor Media Corp. v. Nokia, Inc.*, No. 2:05-CV-186, 2006 U.S. Dist. LEXIS 96777 (E.D. Tex. Sept. 27, 2006) (granting

served or taken in the case.  The Court has neither issued a scheduling order nor set the date for its status conference.  No trial date has been set.  These circumstances weigh heavily in favor of granting a stay.  *Alza Corp. v. Wyeth & Wyeth Pharms., Inc.*, 2006 U.S. Dist. LEXIS 94962, *7 (E.D. Tex. Nov. 21, 2006).

Courts regularly act to reduce the burden on litigants and itself even before the PTO has granted a petition for reexamination.  *See, e.g., Broad. Innovation*, 2006 U.S. Dist. LEXIS 46623, at *25 n.8; *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1991) (granting stay before request for reexamination was filed with PTO); *Robert H. Harris Co. v. Metal Mfg. Co.*, 19 U.S.P.Q.2D (BNA) 1786, 1789 (E.D. Ark. June 21, 1991) (stay issued before reexamination was granted "[a]lthough [the case] is set for trial next month").  Moreover, courts regularly grant stays even after substantial time and resource have been expended.  *Broad. Innovation*, 2006 U.S. Dist. LEXIS 46623, at *25 (granting stay after remand from Federal Circuit and 60 days before trial); *Bausch & Lomb, Inc. v. Alcon Lab., Inc.*, 914 F. Supp. 951, 952-53 (W.D.N.Y. 1996) (granting stay despite fact that discovery was complete and trial date set).  Because neither substantial time nor resources have yet been expended "it therefore generally makes sense to await the conclusion of a reexamination before resuming litigation."  *Spa Syspatronic*, 2008 U.S. Dist. LEXIS 34223, at *11.

### B.    A Stay Will Narrow the Issues for Trial

The PTO has cancelled or amended claims in approximately three out of four reexamined patents.  (*See*  http://www.uspto.gov/web/patents/documents/ex_parte.pdf); *Alza Corp.*, 2006 U.S. Dist. LEXIS 94962, at *6 (same); *Tap Pharm. Prods., Inc. v. Atrix Lab. Inc.*, No. 03 C 7822, 2004 U.S. Dist. LEXIS 3684, *6 (N.D. Ill. Mar. 4, 2004) (same).  Only a fraction

---

conditional stay); and *Echostar Techs. Corp. v. Tivo, Inc.*, No. 5:05-CV-81, 2006 U.S. Dist. LEXIS 48431 (E.D. Tex. July 14, 2006).

of the patents submitted for reexamination remain unchanged. *Id.* If EON IP Holdings' patents survive reexamination, the claims will in all likelihood be substantially different from those existing today.

Regardless of whether the claims of the patents-in-suit are cancelled, amended or survive intact, the case will be streamlined by the PTO's evaluation of the patents-in-suit.

> One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is cancelled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).

*Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *Echostar Techs. Corp. v. Tivo, Inc.*, No. 5:05-CV-81, 2006 U.S. Dist. LEXIS 48431, at *5 (E.D. Tex. July 14, 2006) ("As noted by the Federal Circuit, reexamination may result in the elimination of most, if not all, of the issues remaining in the pending litigation.") (citing *Gould*); *Teradyne, Inc. v. Hewlett-Packard Co.*, No. C-91-0344, 1993 U.S. Dist. LEXIS 14601, at *23 (N.D. Cal. Jan. 7, 1993) ("Since the reexamination process may narrow and perhaps eliminate issues concerning the patents' validity, the court should not expend unnecessary judicial resources by trying to resolve these claims now."); *Tap Pharm. Prods., Inc.*, 2004 U.S. Dist. LEXIS 3684, at *6-7 ("A stay will allow both the parties to take advantage of the PTO's expert analysis of prior art and may limit or narrow the remaining issues.").

Without a stay, "the parties and the court may be required to revisit many of the same issues on a different record or the parties and the court may find they have engaged in this litigation effort for naught."[11]  *Teradyne, Inc.*, 1993 U.S. Dist. LEXIS 14601, at *27-28.  In

---

[11]  The *In re Translogic Tech., Inc.* litigation between Translogic and Hitachi illustrates the waste that can occur when infringement litigation is conducted in parallel with reexamination proceedings.  504 F.3d 1249 (Fed. Cir. 2007); *Translogic Tech., Inc. v. Hitachi, Ltd.*, 2007 U.S. App. LEXIS 23951 (Fed. Cir. Oct. 12, 2007).  In 1999, Translogic asserted Hitachi infringed its U.S. Patent No. 5,162,666 ("the '666 patent").  *In re Translogic* at 1251.  The

contrast, "[n]ot staying the proceedings runs the risk of inconsistent adjudication or issuance of advisory opinions." *Gioello Enters. Ltd. v. Mattel, Inc*., C.A. No. 99-375, 2001 U.S. Dist. LEXIS 26158, *3-4 (D. Del. Jan. 29, 2001).

 "One major reason why stays pending reexamination are granted is that whether or not the PTO ultimately amends or invalidates a patent's claims during reexamination, the PTO's reexamination provides the Court with an expert funneling of the issues." *Spa Syspatronic,* 2008 U.S. Dist. LEXIS 34223, at *5 (citing *Gould*, 705 F.2d at 1342).  As the Court has recognized:

> District Courts have also noted a number of other advantages in granting a stay to allow the PTO to determine the validity of the patent, including: (1) all prior art presented to the Court will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated by the PTO examination, (3) in those cases resulting in effective invalidity of the patent, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without the further use of the Court, (5) the record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation, (6) issues, defenses and evidence will be more easily limited in pre-trial conferences after a reexamination, and (7) the cost will likely be reduced both for the parties and the Court.

*Id.* at *5-6 (citing *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749 (E.D. Tex. Oct. 25, 2006); *GPAC, Inc. v. D.W.W. Enter., Inc.,* 144 F.R.D. 60, 63 (D. N.J. 1992)).  In fact, "the PTO may be in a better position than the Court to evaluate the validity of a patent in view of prior art references." *Id.* at *10 (internal quotations omitted).

 A stay will also simplify the issues in this case if EON IP Holdings substantively amends any claims in reexamination by narrowing the scope of discovery because USA Mobility

---

trial court initially stayed the case pending reexamination, but later lifted the stay despite ongoing reexamination proceedings.  After two jury trials, Hitachi was ordered to pay $86.5 million in damages. *Id.*  Meanwhile, the PTO rejected all pending claims of the '666 patent. *Id.*  The Federal Circuit vacated the verdict and – after six years of litigation – directed the

would not be liable for alleged infringement occurring before issuance of such amended claims. 35 U.S.C. §§ 252, 307(b) & 316(b); *Laitrum Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998); *Bloom Eng'g Co. v. North Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997) ("Unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate.").

Particularly in a case like this one where a significant proportion of the Plaintiff's claimed damages arise from pre-suit activities and amendment in reexamination would eliminate such claims, "courts considering granting stays have often found the result of reexamination ultimately encourages settlement without need for further intervention from the Court." *Spa Syspatronic*, 2008 U.S. Dist. LEXIS 34223, at *9.

C.   **A Stay Will Neither Prejudice EON IP Holdings Nor Give USA Mobility a Tactical Advantage in the Litigation**

A stay is particularly appropriate at this juncture of the case.  First, EON's pre-filing and EON IP Holding's post-filing actions demonstrate that there is no harm associated with any alleged delay.  EON waited over a decade after the patents were issued before EON IP Holdings purportedly obtained title for licensing and litigation.  After filing, EON IP Holdings waited almost the entire 120 day period permitted before serving the defendants.  *See* FED. R. CIV. P. 4(m).  Their collective lack of urgency regarding the alleged infringement of the patents-in-suit speaks for itself.  *See, e.g., Ingro v. Tyco Indus., Inc.*, No. 84 C. 10844, 1985 U.S. Dist. LEXIS 19300, at *6 (N.D. Ill. May 31, 1985) (stay pending reexamination is appropriate "especially in light of plaintiff's own delay in initiating litigation").  EON IP Holdings is in no hurry and stands to suffer no loss while the Court and the parties await the outcome of the

district court to dismiss the case.  *Translogic Tech., Inc. v. Hitachi, Ltd.*, 2007 U.S. App.

reexamination proceedings pending before the administrative agency with relevant and specialized expertise, the PTO.

        In contrast, absent a stay, USA Mobility will suffer undue prejudice.  If a stay is not granted, USA Mobility will be "forced to potentially litigate a lengthy patent trial and a potential appeal, and possibly be forced to pay significant damages for infringing the exact claims that have already been determined to be invalid by the PTO." *Ricoh Co., Ltd. v. Aeroflex, Inc.*, No. C03-04669, 2006 U.S. Dist. LEXIS 93756, *17 (N.D. Cal. Dec. 14, 2006); *see also Bausch & Lomb, Inc., v. Alcon Lab., Inc.*, 914 F. Supp. 951, 952 (W.D.N.Y. 1996) (defendant would be prejudiced because it "would have no ability to recover those damages if at a later date the PTO determined that the ... patent is invalid.").  Because the most likely result of reexamination is either amendment or cancellation of claims, USA Mobility (and all the defendants) will be prejudiced unless the Court issues the requested stay.

        Second, USA Mobility was diligent in seeking reexamination.  USA Mobility promptly identified highly relevant prior art and filed petitions for reexamination of the two patents-in-suit.  USA Mobility's petitions for reexamination were filed less than four weeks (including the Christmas and New Year holidays) after it received a copy of the complaint from EON IP Holdings.  Indeed, the petitions for reexamination were filed with the PTO *before* USA Mobility was served.  Similarly, in *Spa Syspatronic*, the Court found that defendant also acted diligently where prior art searches were conducted shortly after the movant was notified of a pending lawsuit.  2008 U.S. Dist. LEXIS 34223, at *2.  Here, USA Mobility is requesting reexamination at the earliest possible stage of the litigation.

        Third, "[r]eexamination does not threaten protracted or indefinite delay." *Alza Corp.*, 2006 U.S. Dist. LEXIS 94962, at *4.  Any potential for delay is eliminated because the

---

LEXIS 23951 at *3 (Fed. Cir. Jan. 24, 2008).

PTO is required to conduct reexamination proceedings with "special dispatch."  35 U.S.C. § 305.

Moreover, where the patents to be reexamined are involved in litigation, the reexamination

proceeding will "have priority over all other cases."   *See* Manual of Patent Examining

Procedures ("MPEP") § 2261.   Granting a stay would further accelerate the reexamination

proceeding as the response time for office actions would be shortened to one month.   *Id*. at §

2263.   As courts have recognized, "[d]elay inherent to the reexamination process does not

constitute, by itself, undue prejudice."   *Photoflex Prods. v. Circa 3 LLC*, No. C 04-03715, 2006

U.S. Dist. LEXIS 37743, *5 (N.D. Cal. May 24, 2006).

The only cause of any potential delay during reexamination would arise from

serious questions of patentability.   But, providing the PTO time to efficiently address serious

deficiencies in the patents-in-suit would likely result in claims being cancelled and/or amended.

The resulting simplification of discovery, claim construction and triable issues would more than

justify any potential delay.   Such a result would contribute to judicial economy and save the

sixteen remaining litigants what EON IP Holdings accurately described as "substantial time and

resources."   (Ex. C at 2); *see Echostar Techs. Corp.*, 2006 U.S. Dist. LEXIS 48431, at *10 ("It

would be an egregious waste of both the parties' and the Court's resources if the *Markman* and

summary judgment proceedings went forward and the claims were subsequently declared invalid

or were amended as a result of the reexamination proceeding.").

Fourth, as noted, EON IP Holdings has repeatedly made plain that its objectives

are solely monetary and that the remedy it will seek from the Court for any finding of

infringement is "*fair compensation* [1] *for prior infringement and* [2] *for the future use of the*

11

*technology*."[12]   (Ex. C.)   EON IP Holdings' standing in the marketplace will be unaffected by reexamination because EON IP Holdings does not compete with any of the remaining fifteen defendants, much less directly compete with USA Mobility. *Spa Syspatronic*, 2008 U.S. Dist. LEXIS 34223, at *7 ("[T]he parties are apparently not direct competitors in the marketplace, and therefore a stay is also unlikely to directly prejudice Spa's standing in the market during the remainder of the [asserted] patent's life, making any harm from delay even less acute."). EON IP Holdings' sole business appears to be licensing of the patents-in-suit. Thus, any legal remedy currently available to EON IP Holdings will be available after reexamination. *See, e.g., Sorenson v. Black and Decker Corp.*, No. 06-CV-1572, 2007 U.S. Dist. LEXIS 66712, *18 (S.D. Cal. Sept. 10, 2007) ("If the PTO does not invalidate or otherwise alter the claims of the patent, the Plaintiffs' legal remedy remains unaffected.") (citations omitted); *Gioello Enters. Ltd. v. Mattel, Inc.*, C.A. No. 99-375 GMS, 2001 U.S. Dist. LEXIS 26158, at *5-6 (D. Del. Jan 29, 2001) (finding no prejudice in staying litigation pending reexamination where patent owner was not making or selling goods related to the patent). EON IP Holdings can be fully compensated by money damages if it were to later prevail on any patent claims that survive reexamination.

Finally, that USA Mobility requested *ex parte* rather than *inter partes* reexamination also weighs in favor of a stay. USA Mobility was required to request an *ex parte* reexamination because the *inter partes* reexamination statute permits only patents that issued from original applications filed on or after November 29, 1999 to be reexamined *inter partes*. MPEP § 2609. The patents-in-suit came too early. Consequently, "it cannot be held against [USA Mobility] that an *inter partes* proceeding is not available." *Spa Syspatronic*, 2008 U.S.

---

[12]  Consistent with Plaintiff's objectives, EON IP Holdings' First Amended Complaint lacks any reference to preliminary injunctive relief and Plaintiff has moved unhurriedly in its prosecution of this lawsuit since the September 29, 2008 filing in favor of its pursuit of compensation for past *and future* use of its allegedly patented technology.

Dist. LEXIS 34223, at *9.   Regardless, the *ex parte* reexamination process typically takes significantly less time than an *inter partes* reexamination, which weighs in favor of a stay.[13]

        For the reasons set forth above and given the early stage of this litigation, EON IP Holdings will not suffer any prejudice if a stay is granted, much less any *undue* prejudice.   In contrast, USA Mobility and the other fourteen remaining defendants will suffer significant prejudice if they are required to litigate claims later cancelled or amended by the PTO.

## IV.   CONCLUSION

        Each of the three factors – prejudice, potential to simplify the case and the stage of the case – weigh strongly in favor of granting USA Mobility's motion for a stay.

        WHEREFORE USA Mobility respectfully requests that the Court stay this litigation pending outcome of the reexamination of the patents-in-suit and grant any other relief the Court deems just.

---

[13]   Median pendency of *ex parte* reexamination is 13 months less than an *inter partes* reexamination and the average pendency is 10 months less. (*Compare* http://www.uspto.gov/ web/patents/documents/ex_parte.pdf *with* http://www.uspto.gov/web/patents/documents/ inter_partes.pdf.)

Dated: February 20, 2009                    Respectfully submitted,


                                            /s/ Eric H. Findlay
                                            Eric H. Findlay
                                            State Bar No. 00789886
                                            Findlay Craft, LLP
                                            6760 Old Jacksonville Highway
*Of Counsel:*                               Suite 101
                                            Tyler Texas  75703
Maximilian A. Grant *(pro hac vice to be filed)*  Tel: (903) 534-1100
Latham & Watkins LLP                        Fax: (903) 534-1137
555 Eleventh Street, NW                     efindlay@findlaycraft.com
Suite 1000
Washington DC 20004-1304
Tel: (202) 637-2200
Fax: (202) 637-2201
max.grant@lw.com

Peter P. Chen *(pro hac vice to be filed)*
Latham & Watkins LLP
140 Scott Drive
Menlo Park, CA. 94025
Tel: (650) 463-2690
Fax: (650) 463-2600
peter.chen@lw.com


                              **ATTORNEYS FOR
                              USA MOBILITY, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service was served with a copy of this document by email on February 20, 2009.

/s/ Eric H. Findlay
Eric H. Findlay

**Certificate of Conference**

This certifies that Peter Chen, counsel for USA Mobility, Inc., and Daniel Scardino, counsel for Plaintiff, met and conferred on February 20, 2009 regarding the issues set forth in this motion.  Unfortunately, discussions have conclusively ended in an impasse, leaving the issues stated above open for resolution by the Court.

/s/ Eric H. Findlay
Eric H. Findlay