UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>    Plaintiff,<br>v.<br><br>SKYTEL CORPORATION, SMARTSYNCH, INC., USA MOBILITY, INC., AMERICAN MESSAGING SERVICES, LLC, ALL PAGE OF HOUSTON, INC., INILEX, INC., ALARM.COM INCORPORATED, FOOD AUTOMATION – SERVICE TECHNIQUES, INC., VILLAGE SOFTWARE, INC., SKYGUARD, LLC, VEHICLE MANUFACTURERS, INC., HONEYWELL HOMMED, LLC, NIGHTHAWK SYSTEMS, INC., BRINK'S HOME SECURITY, INC., CARRIER CORPORATION, BECKWITH ELECTRIC CO., INC., DATAONLINE, LLC, MWA INTELLIGENCE, INC. and COMSOFT CORPORATION;<br><br>    Defendants. | CIVIL ACTION NO. 6:08-CV-385-LED<br><br>**JURY TRIAL REQUESTED** |

**DEFENDANT SKYTEL CORP.'S**
**ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT**

Defendant SkyTel Corp. ("SkyTel Corp.")[1], responds to the First Amended Complaint

for Patent Infringement and Jury Demand ("Complaint") of Plaintiff EON Corp. IP Holdings,

LLC ("EON"), as follows:

---

[1] While the names are similar, SkyTel Corp. (the party served with and answering this complaint) is not the same entity as the intended defendant SkyTel Corporation; nor is it the correct party to this lawsuit. As set forth in the First Counterclaim, SkyTel Corp. is a Delaware Corporation with its principal place of business in Virginia. However, SkyTel Corporation, the successor-in-interest to SkyTel Corp. and the correct entity and party for this lawsuit, is a wholly-owned subsidiary of United Wireless Holdings Inc., with its principal place of business in New Jersey. As such, SkyTel Corp. should be dismissed, and SkyTel Corporation should be properly served and added
Continued on the next page

**SKYTEL CORP.'S ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT – Page 1**

## PARTIES

1. Upon information and belief, EON is a limited liability company organized under the laws of the State of Texas with its registered office located at 110 North College, 500 Plaza Tower, Tyler, Texas 75702.

2. SkyTel Corp. denies all of the allegations contained in Paragraph 2. On information and belief, the indended defendant SkyTel Corporation ("Intended Defendant SkyTel Corporation") is a wholly-owned subsidiary of United Wireless Holdings Inc.

3. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3, and, on that basis, denies them.

4. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and, on that basis, denies them.

5. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, and, on that basis, denies them.

6. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and, on that basis, denies them.

7. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and, on that basis, denies them.

8. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and, on that basis, denies them.

---

Continued from the previous page

as a party to this action.

9. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and, on that basis, denies them.

10. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and, on that basis, denies them.

11. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and, on that basis, denies them.

12. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and, on that basis, denies them.

13. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and, on that basis, denies them.

14. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and, on that basis, denies them.

15. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and, on that basis, denies them.

16. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and, on that basis, denies them.

17. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and, on that basis, denies them.

18. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and, on that basis, denies them.

19. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and, on that basis, denies them.

20. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and, on that basis, denies them.

## JURISDICTION AND VENUE

21. SkyTel Corp. admits that EON purports to bring this action under 35 U.S.C. § 271. The remaining allegations set forth in Paragraph 21 state a legal conclusion to which no response is required; if such a response is required, SkyTel Corp. denies those allegations to the extent they relate to SkyTel Corp.

22. SkyTel Corp. admits that EON purports to ground subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). The remaining allegations set forth in Paragraph 22 state a legal conclusion to which no response is required; if such a response is required, SkyTel Corp. denies those allegations to the extent they relate to SkyTel Corp.

23. SkyTel Corp. admits that it is subject to personal jurisdiction in this Court. SkyTel Corp. admits that it has conducted business within the State of Texas. SkyTel Corp. denies the remaining allegations set forth in Paragraph 23 to the extent they relate to SkyTel Corp.

24. SkyTel Corp. admits that EON purports to base venue in this District upon 28 U.S.C. §§ 1391 and 1400(b). SkyTel Corp. denies the remaining allegations set forth in Paragraph 24 to the extent they relate to SkyTel Corp.

## COUNT 1: PATENT INFRINGEMENT

25. The allegations set forth in Paragraph 25 state a legal conclusion to which no response is required; if such a response is required, SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 and, on that basis, denies them.

26. The allegations set forth in Paragraph 26 state a legal conclusion to which no response is required; if such a response is required, SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 and, on that basis, denies them.

27. The allegations set forth in Paragraph 27 state a legal conclusion to which no response is required; if such a response is required, SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 and, on that basis, denies them.

28. SkyTel Corp. denies the allegations set forth in Paragraph 28.

29. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29, and, on that basis, denies them.

30. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30, and, on that basis, denies them.

31. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31, and, on that basis, denies them.

32. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, and, on that basis, denies them.

33. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33, and, on that basis, denies them.

34. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34, and, on that basis, denies them.

35. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and, on that basis, denies them.

36. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and, on that basis, denies them.

37. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37, and, on that basis, denies them.

38. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38, and, on that basis, denies them.

39. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39, and, on that basis, denies them.

40. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40, and, on that basis, denies them.

41. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41, and, on that basis, denies them.

42. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42, and, on that basis, denies them.

43. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43, and, on that basis, denies them.

44. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44, and, on that basis, denies them.

45. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45, and, on that basis, denies them.

46. SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46, and, on that basis, denies them.

47. The allegations set forth in Paragraph 47 state a legal conclusion to which no response is required; if such a response is required, SkyTel Corp. denies those allegations to the extent they relate to SkyTel Corp.

48. The allegations set forth in Paragraph 48 state a legal conclusion to which no response is required; if such a response is required, SkyTel Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 and, on that basis, denies them.

49. SkyTel Corp. denies the allegations in Paragraph 49 to the extent they relate to SkyTel Corp.

50. SkyTel Corp. denies all allegations not specifically admitted herein.

## RESPONSE TO EON'S PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by EON, to which no response is required.  SkyTel Corp. denies that EON is entitled to any of the requested relief and denies any allegations contained herein.

## JURY DEMAND

SkyTel Corp. denies that EON is entitled to a trial by jury except as permitted by law.

## DEFENSES

SkyTel Corp., as further and separate defenses to the Complaint and without assuming any burden it would not otherwise have, alleges, upon information and belief, the following defenses:

### FIRST DEFENSE
(Failure to State a Claim)

51. Each and every one of EON's claims for relief and each and every one of its allegations fails to state a claim upon which any relief may be granted against SkyTel Corp.

## SECOND DEFENSE
(Non-Infringement)

52. SkyTel Corp. has not and does not infringe, directly or indirectly, any valid and enforceable claim of U.S. Pat. No. 5,388,101 (the "'101 Patent"), either literally, under the doctrine of equivalents, or otherwise.

53. SkyTel Corp. has not and does not infringe, directly or indirectly, any valid and enforceable claim of U.S. Pat. No. 5,481,546 (the "'546 Patent"), either literally, under the doctrine of equivalents, or otherwise.

54. SkyTel Corp. does not sell any products or services.

## THIRD DEFENSE
(Invalidity)

55. The '101 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without, limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations and laws pertaining thereto.

56. The '546 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without, limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations and laws pertaining thereto.

## FOURTH DEFENSE
(Unenforceability)

57. The '101 Patent is unenforceable due to the doctrine of estoppel and EON's acts, failure to act, omissions, deceptive intent, and/or inequitable conduct during the prosecution of the '101 Patent application and/or related patent applications.

58. The '546 Patent is unenforceable due to the doctrine of estoppel and EON's acts, failure to act, omissions, deceptive intent, and/or inequitable conduct during the prosecution of the '546 Patent application and/or related patent applications.

## FIFTH DEFENSE
### (Claims Barred)

59. EON's claims are barred, in whole or in part, due to prosecution history estoppel and/or prosecution history disclaimer.

## SIXTH DEFENSE
### (Limitations on Damages and Costs)

60. EON failed to provide adequate notice to SkyTel Corp. of alleged infringement and thus, is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of this lawsuit. EON is precluded from recovering damages from SkyTel Corp. for any alleged infringement committed more than six years prior to the filing of this lawsuit under 35 U.S.C. § 286. EON is barred by 35 U.S.C. § 288 from recovering any costs associated with its action.

## SEVENTH DEFENSE
### (Prosecution History Estoppel)

61. Based on statements, representations, admissions, and/or other conduct during the prosecution of the '101 Patent application and/or related patent applications, EON is estopped from asserting any interpretation of the claims of the '101 Patent that would cover any of the SkyTel Corp. products or services.

62. Based on statements, representations, admissions, and/or other conduct during the prosecution of the '546 Patent application and/or related patent applications, EON is estopped from asserting any interpretation of the claims of the '546 Patent that would cover any of the SkyTel Corp. products or services.

## EIGHTH DEFENSE
### (Equitable Defenses)

63. EON's claims are barred, in whole or in part, under principles of equity, including laches, prosecution laches, waiver, and/or estoppel.

## NINTH DEFENSE
(Adequate Remedy at Law)

64. EON is not entitled to injunctive relief because any alleged injury to EON is not immediate or irreparable and EON has an adequate remedy at law.

## TENTH DEFENSE
(EON Cannot Prove Exceptional Case)

65. EON cannot prove that this is an exceptional case justifying award of attorney fees against SkyTel Corp. pursuant to 35 U.S.C. § 285.

## ELEVENTH DEFENSE
(Government Sales)

66. To the extent that certain products and/or services accused of infringing the '101 Patent and/or the '546 Patent are used by and/or manufactured for the United States Government, EON's claims against SkyTel Corp. with respect to such products and/or services are barred, in whole or in part, under 28 U.S.C. § 1498.

## TWELFTH DEFENSE
(Dedication to the Public)

67. EON's claims are barred, in whole or in part, because embodiments not literally claimed in the '101 Patent and/or the '546 Patent were dedicated to the public.

## THIRTEENTH DEFENSE
(Reservation of Additional Defenses)

68. SkyTel Corp. reserves all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future.

## COUNTERCLAIMS

Without waiver of any of its rights, including the right to seek dismissal and/or transfer of this action, SkyTel Corp., by and through its undersigned counsel, and by way of Counterclaims against EON, alleges:

## PARTIES

1. Defendant SkyTel Corp. is a Delaware corporation with its principal place of business at 22001 Loudoun County Parkway, Ashburn, VA 20147.

2. On information and belief, the Intended Defendant SkyTel Corporation, a successor in interest to SkyTel Corp., is a wholly-owned subsidiary of United Wireless Holdings Inc. with its principal place of business at 10 Woodbridge Center Drive, Woodbridge, NJ 07095.

3. Upon information and belief, EON is a limited liability company organized under the laws of the State of Texas with its registered office located at 110 North College, 500 Plaza Tower, Tyler, Texas 75702.

## JURISDICTION AND VENUE

4. These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, *et seq.*, and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6. EON has sued SkyTel Corp. for patent infringement of the '101 Patent and the '546 Patent. SkyTel Corp. denies infringement and denies that these patents are valid or enforceable. There is therefore a substantial, actual, and continuing controversy between EON and SkyTel Corp. as to the validity, enforceability, and infringement of the '101 Patent and the '546 Patent.

7. EON has consented to personal jurisdiction in this District by commencing its action for patent infringement against SkyTel Corp. therein.

## FIRST COUNTERCLAIM
### (Declaratory Judgment that SkyTel Corp. is Not the Intended Defendant SkyTel Corporation)

8. SkyTel Corp. does not sell any of the type of product or services described in the '101 Patent or the '546 Patent.

9. The Intended Defendant SkyTel Corporation is a successor in interest to the business of SkyTel Corp.

10. A judicial declaration that SkyTel Corp. is not the Intended Defendant SkyTel Corporation referenced in the EON Complaint is necessary and appropriate at this time.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

11. SkyTel Corp. repeats and realleges each allegation set forth in Paragraphs 1 through 10 as though fully set forth herein.

12. SkyTel Corp. has not infringed and does not infringe any valid and enforceable claim of the '101 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

13. SkyTel Corp. has not contributorily infringed or induced to infringe, and does not contributorily infringe or induce to infringe, any valid and enforceable claim of the '101 Patent.

14. A judicial declaration that SkyTel Corp. does not infringe the '101 Patent is necessary and appropriate at this time so that SkyTel Corp. can ascertain its rights and duties with respect to the products that EON accuses of infringing the '101 Patent.

15. SkyTel Corp. has not infringed and does not infringe any valid and enforceable claim of the '546 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

16. SkyTel Corp. has not contributorily infringed or induced to infringe, and does not contributorily infringe or induce to infringe, any valid and enforceable claim of the '546 Patent.

17. A judicial declaration that SkyTel Corp. does not infringe the '546 Patent is necessary and appropriate at this time so that SkyTel Corp. can ascertain its rights and duties with respect to the products that EON accuses of infringing the '546 Patent.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

18. SkyTel Corp. repeats and realleges each allegation set forth in Paragraphs 1 through 17 as though fully set forth herein.

19. The '101 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112.

20. A judicial declaration that the '101 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that SkyTel Corp. can ascertain its rights and duties with respect to the products that EON accuses of infringing the '101 Patent.

21. The '546 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112.

22. A judicial declaration that the '546 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that SkyTel Corp. can ascertain its rights and duties with respect to the products that EON accuses of infringing the '546 Patent.

## RESERVATION OF ADDITIONAL COUNTERCLAIMS

As discovery in this case has not yet commenced, and as SkyTel Corp. continues to investigate the allegations set forth in EON's First Amended Complaint, SkyTel Corp. specifically gives notice that it intends to rely upon additional counterclaims as may become available by law, statute, or upon further discovery proceeding in this case. As such, SkyTel Corp. hereby reserves the right to further amend its Answer and to assert such additional counterclaims as allowed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas.

## PRAYER FOR RELIEF

SkyTel Corp. respectfully prays for the following relief:

A. That EON take nothing by its Complaint;

B. That the Court dismiss each and every claim in EON's Complaint with prejudice;

C. That the Court find and enter a judgment declaring that SkyTel Corp. is not the Intended Defendant SkyTel Corporation identified in EON's Complaint;

D. That the Court find and enter a judgment declaring that no claim of the '101 Patent is infringed or has been infringed by SkyTel Corp.;

E. That the Court find and enter a judgment declaring the '101 Patent to be invalid;

F. That the Court find and enter a judgment declaring that no claim of the '546 Patent is infringed or has been infringed by SkyTel Corp.;

G. That the Court find and enter a judgment declaring the '546 Patent to be invalid;

H. That the Court award costs to SkyTel Corp. in accordance with 35 U.S.C. § 284;

I. That the Court declare SkyTel Corp.'s case to be exceptional and award SkyTel Corp. its attorneys' fees and expenses against EON under 35 U.S.C. § 285;

  J.  That the Court and deny that EON's case is exceptional; and

  K.  That the Court award SkyTel Corp. any other relief the Court may deem just, equitable, and proper.

               Respectfully submitted,


            By:  /s/ Jennifer H. Doan
               Jennifer H. Doan
               Texas Bar No. 08809050
               J. Scott Andrews
               Texas Bar No. 24064823
               HALTOM & DOAN
               6500 Summerhill Road, Suite 100
               Texarkana, TX 75503
               Tel:  (903) 255-1000
               Fax: (903) 255-0800
               jdoan@haltomdoan.com
               sandrews@haltomdoan.com

               Henry B. Gutman (*pro hac*)
               Victor Cole
               SIMPSON THACHER & BARTLETT LLP
               425 Lexington Avenue
               New York, NY 10017
               Tel:  (212) 455-2000
               Fax: (212) 455-2502
               hgutman@stblaw.com
               vcole@stblaw.com

               Jeffrey E. Ostrow (*pro hac*)
               Gabriel N. Rubin (*pro hac*)
               SIMPSON THACHER & BARTLETT LLP
               2550 Hanover Street
               Palo Alto, CA 94304
               Tel:  (650) 251-5000
               Fax: (650) 251-5002
               jostrow@stblaw.com
               grubin@stblaw.com

>Leonard Charles Suchyta (*pro hac*)
>Caren K. Khoo (*pro hac* pending)
>Verizon Corporate Resources
>Group LLC
>One Verizon Way
>Basking Ridge, NJ 07920
>Tel:  (908) 559 5623
>Fax:  (908) 766 6974
>leonard.suchyta@verizon.com
>caren.khoo@verizon.com
>
>COUNSEL FOR DEFENDANT AND
>COUNTERCLAIMANT SKYTEL
>CORP.

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 2nd day of March, 2009.  Any other counsel of record will be served via first class U.S. mail.

>/s/ Jennifer H. Doan
>Jennifer H. Doan