UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. 6:08-cv-00385 |
| SKYTEL CORPORATION, | § | |
| SMARTSYNCH, INC., USA MOBILITY, | § | JURY TRIAL REQUESTED |
| INC., AMERICAN MESSAGING | § | |
| SERVICES, LLC, ALL PAGE OF | § | |
| HOUSTON, INC., INILEX, INC., | § | |
| ALARM.COM INCORPORATED, FOOD | § | |
| AUTOMATION – SERVICE | § | |
| TECHNIQUES, INC., VILLAGE | § | |
| SOFTWARE, INC., SKYGUARD, LLC, | § | |
| VEHICLE MANUFACTURERS, INC., | § | |
| HONEYWELL HOMMED, LLC, | § | |
| NIGHTHAWK SYSTEMS, INC., BRINK'S | § | |
| HOME SECURITY, INC., CARRIER | § | |
| CORPORATION, BECKWITH ELECTRIC | § | |
| CO., INC., DATAONLINE, LLC, MWA | § | |
| INTELLIGENCE, INC. and COMSOFT | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT USA MOBILITY, INC.'S MOTION TO STAY PENDING *EX PARTE* REEXAMINATION

Plaintiff EON Corp. IP Holdings, LLC ("EON" or "Plaintiff") files this its Response to Defendant USA Mobility, Inc.'s ("Defendant") Motion to Stay Pending *Ex Parte* Reexamination ("Motion"), and would respectfully show the Court as follows:

## I.   INTRODUCTION

The Court should deny the motion to stay this litigation that was filed by only one of the 13 remaining defendants in this case.[1]  EON's parent company spent many years and substantial amounts of money to develop the innovative technology embodied in the patents-in-suit.  But rather than litigating this matter on the merits, USA Mobility wants to delay this lawsuit so that it can continue to use EON's technology on a royalty-free basis.  This tactic should be rejected because it would severely prejudice and create a tactical disadvantage for EON.  Although Defendant claims that the PTO will act promptly, its optimism is belied by PTO statistics showing that the average reexamination takes more than two years to complete, plus even more time for any necessary appeals.  Ex. C at 2.  As Judge Folsom recently explained when denying a similar motion for stay, "[t]he principle that justice delayed is justice denied applies with full force to the patent process."  *ESN, LLC v. Cisco Sys., Inc.,* No. 5:08-CV-20, Dkt. No. 47, at 5-6 (E.D. Tex. order denying motion to stay Nov. 20, 2008), attached hereto as Exhibit B.

USA Mobility's Motion should also be denied because reexamination would do little, if anything, to simplify the legal issues or trial in this case and is nothing more than an attempt to get two bites at the apple.  Indeed, reexamination will do nothing to resolve issues relating to: (1) infringement; (2) other invalidity defenses raised by defendants, such as the unenforceability defenses raised by Defendants Brinks, SkyTel and American Messaging; (3) any invalidity arguments that are not based on prior art patents or publications; and (4) any invalidity arguments based on additional prior art developed by any of the thirteen remaining defendants.

---

[1] As Judge Clark recently explained when denying even a unanimous motion for stay filed on behalf of all twenty-four defendants in that case, "[t]he filing of a request for *ex parte* reexamination by only one of the twenty-four Defendants in these cases raises a strong inference of gamesmanship."  *Affinity Labs of Texas, LLC v. BMW N. Am., LLC,* No. 9:08-CV-164 (E.D. Tex. Feb. 20, 2009), attached hereto as Exhibit A.  Here, USA Mobility is the only entity that has filed a reexamination petition and, to date, is the only defendant that has requested a stay.

II.    **EON'S RESPONSE TO DEFENDANT'S FACTUAL BACKGROUND**

A.    <u>EON Has Acted Diligently in this Litigation</u>

EON has acted diligently to protect its patent rights.  EON was formed on September 26, 2009.  Motion at Ex. D.  Just three days after it was formed, EON filed its original Complaint in this lawsuit.  Dkt. No. 1.

Between the time that EON filed this lawsuit and the time it served the defendants in this case, EON worked diligently to negotiate out-of-court resolutions to this lawsuit.  Ex. E at ¶ 7.  Due to these efforts, six of the nineteen defendants in this case have already settled and/or been dismissed from this litigation.  Dkt. Nos. 56, 72, 77-78, 99, 105.

B.    <u>USA Mobility's Efforts to Obtain a Procedural Advantage</u>

Although Defendant boasts that it filed the reexamination petitions before it was served (Motion at 3-4), that accomplishment was achieved largely through USA Mobility's gamesmanship.  On December 12, 2008, EON contacted USA Mobility to discuss the possibility of resolving this litigation.  Ex. E at ¶ 3.  USA Mobility apparently expressed an interest in settlement and used those discussions as well as the travel plans of its counsel as the basis for repeated requests that EON delay service and/or provide USA Mobility with multiple extensions of its deadline to Answer.  Ex. E at ¶¶ 3-11.  Incredibly, USA Mobility now argues that EON did not diligently pursue the case after it was filed.  USA Mobility makes much of the fact that its filed its Motion before its Answer.  But absent the good graces of EON by extending USA Mobility's Answer deadline, USA Mobility's Answer would have been due on February 2, 2009 – 18 days before it filed this Motion.  Dkt. No. 16.

C.    <u>USA Mobility's Reexamination Petitions</u>

USA Mobility filed its *ex parte* reexamination petitions with the PTO on January 9, 2009 – more than 100 days after the Complaint was filed in this case.[2]  Before the PTO even decided

---

[2] Given the widespread dissemination of patent cases filed in this court and the common practice of attorneys using that list to contact potential clients about representing them in such suits, it strains credulity for Defendant to suggest that it was not aware of this lawsuit until December 15, 2008 – more than 10 weeks after it was filed.  Defendant does not even explicitly state that it was not aware of this lawsuit in September.  Instead, it states only that "USA Mobility first obtained notice from EON IP Holdings of the lawsuit on December 15, 2008."  Motion at 3.

whether or not to grant the petitions, and just three days after filing its second request for extension of its deadline to answer, USA Mobility filed this Motion on February 20, 2009. Dkt. Nos. 74, 82.  The PTO granted the reexaminations on February 25, 2009.  Dkt. No. 95. Importantly, however, the PTO explicitly rejected USA Mobility's contentions that the vast majority of the prior art references identified by USA Mobility raised a substantial new question of patentability, finding that they were merely cumulative of art already considered by the PTO during examination of the patents-in-suit. Dkt. Nos. 95-2 at 9-10, 95-3 at 8-9 (rejecting the Martinez Patent and Morales-Garza Patents as being merely cumulative of art already considered).  In fact, out of all the arguments and references identified in USA Mobility's reexamination petitions, the PTO determined that there was only <u>one reference</u> (Cunningham) that even raised a *question* of validity warranting reexamination.

To date, none of the other defendants have joined this Motion.  USA Mobility sought an *ex parte* reexamination.  Because there is no estoppel associated with such a procedure, if the patents-in-suit withstand reexamination over the references cited by USA Mobility (as PTO statistics reveal is likely to happen), USA Mobility and the remaining defendants would still be able to argue that those same references invalidate the patents-in-suit in this litigation.

      D.    <u>Defendants' Countless Requests for Extensions and EON's Efforts to Prepare Infringement Contentions and Related Document Production Deadlines</u>

Although USA Mobility claims that EON has failed to act diligently in pursuing this action, the defendants in this case have collectively requested and obtained <u>twenty-four</u> unopposed applications for extensions of their deadlines to answer - two of which were requested by USA Mobility.  EON did not oppose those requests.  As of March 10, 2009, all the defendants in this case had answered, defaulted, settled or were close to settlement.  Dkt. No. 107. Consequently, on March 10, 2009, EON filed a notice that this case can be set for a status conference.  *Id.*

Although EON's infringement contentions are not due until four days after the status conference is held, EON has been diligently working on them for months.  EON has also

collected the documents that must be produced in conjunction with its infringement contentions and is preparing them for production.

## III.    ARGUMENT AND AUTHORITY

### A.    Standards Governing Motions to Stay

There is no general rule requiring a district court to stay a case pending reexamination. *Viskase Corp. v. Am. Nat'l Can Co.,* 261 F.3d 1316, 1328 (Fed. Cir. 2001). Indeed, even in the primary case relied upon by USA Mobility to support its Motion, Judge Love explained that "there exists no policy in this Court to routinely grant such motions". *Spa Syspatronic, AG v. Verifone, Inc.,* No. 2:07-CV-416, 2008 WL 1886020 at *4, fn 6 (E.D. Tex. Apr. 25, 2008). To demonstrate that a stay is warranted, the "moving party 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Ariba, Inc. v. Emptoris, Inc.,* No. 9:07-CV-90, 2007 WL 3132606, at *1 (E.D. Tex. Oct. 23, 2007). To that end, the "burden is squarely on the party seeking the stay to show that there is a pressing need for the delay." *Castanho v. Jackson Marine, Inc.,* 484 F. Supp. 201, 209 (E.D. Tex. 1980).

While this Court has discretion to grant a stay if warranted by the particular circumstances, there is absolutely no obligation "to stay judicial resolution in view of [Patent Office] reexaminations." *Viskase Corp.,* 261 F.3d at 1328. To determine whether to grant a motion to stay pending reexamination, this Court considers three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain Software LLC v. Amazon.com, Inc.,* 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). As demonstrated below, USA Mobility's Motion should be denied because the first two factors strongly militate against a stay.

### B.    USA Mobility Has Not Met its Burden for the Entry of a Stay

Staying this lawsuit until the PTO reexaminations are resolved will unduly prejudice EON and place it at a clear tactical disadvantage, while failing to simplify the legal issues or the

trial in this case.  Consequently, this Court should deny USA Mobility's motion to stay.

### 1.  EON Would Be Prejudiced By An Indefinite, Lengthy Stay

An Order staying this case pending reexamination would greatly prejudice EON, which has a right to a speedy determination of this action.  Fed. R. Civ. P. 1.  "The principle that justice delayed is justice denied applies with full force to the patent process."  *ESN, LLC,* No. 5:08-CV-20, at 5-6, attached hereto as Exhibit B.

Defendant's Motion underestimates both the length of the stay and the prejudice that such a delay would cause EON.  Even if the reexaminations are completed within the average amount of time, the reexaminations will likely not conclude until the Spring of 2011. Exhibit C at 2 (noting that reexamination certificates in *ex parte* reexaminations take an average of 24.9 months to issue).  And because this 24.9 month delay does not include the appellate process for review of the PTO's decision, in all it may take as many as four years before the reexaminations of the patents-in-suit reach final resolution through the administrative process.[3]  *See In re Columbia Univ. Patent Litig.,* 330 F. Supp. 2d 12, 16 (D. Mass. 2004) (noting that "the PTO will not cancel claims until after the time for appeal has expired and any appeals have terminated").

Numerous decisions from the Eastern District of Texas have held that similar indefinite, lengthy delays were highly prejudicial and weighed strongly against a stay.  *See e.g., Biax Corp. v. Fujitsu Computer Sys. Corp.,* No. 2:06-CV-364, 2007 WL 614187, at *2 (E.D. Tex. Feb. 26, 2007) (denying stay where estimated delay was 22.6 months); *Ariba,* 2007 WL 3132606, at *1 (denying stay where estimated delay was 23.3 months).  These decisions have held that indefinite delays are highly prejudicial where, as here, "the PTO has not [ . . . ] provided any definitive guidance on the length of time required for the reexamination."  *Biax Corp.,* 2007 WL 614187, at *2; *Widevine Technologies, Inc. v. Verimatrix, Inc.,* No. 2:07-CV-321, 2008 WL 4426484, at *1, (E.D. Tex. Sept. 25, 2008); *Stormedia Texas, LLC v. CompUSA, Inc.,* No. 2:07-CV-025, 2008

---

[3] It could take even longer because there is no prohibition on the serial filing of *ex parte* requests for reexamination. *See Affinity Labs of Texas,* No. 9:08-CV-164, at 7 (explaining that, "if things do not go well at the PTO, each Defendant in turn can file a request for *ex parte* reexamination" and "still assert the same and similar claims in this court."), attached hereto as Exhibit A.

WL 2885814, at *1 (E.D. Tex. July 23, 2008).

An indefinite stay ranging from two to four years in this case will also greatly prejudice EON because it will negatively impact its ability to license and/or assert its patents against other infringers. *Iron, Inc. v. Benghiat,* No. Civ. 99-501, 2003 WL 22037710, at *10 (D. Minn. Aug. 29, 2003) ("permitting [the alleged infringer] to continue infringing at a non-negotiable royalty rate throughout the appeals process harms [the patent owner] in the first instance, and it causes further harm by likely impinging [the patent owner's] negotiating position with other infringers or potential licensees."). Indeed, to the extent that EON identifies other potential infringers and attempts to enforce the patents-in-suit against those entities through litigation or licensing, its effectiveness in doing so will be seriously, if not irreparably, compromised if this litigation is stayed indefinitely, as USA Mobility requests. In contrast, if the stay is denied and this litigation is allowed to proceed, EON will be able to enforce its rights against USA Mobility, the remaining defendants in this case, and any and all other potential infringers that EON may identify during the remaining life of the patents-in-suit.

Defendant argues that (i) it will suffer prejudice in the event that a stay is not granted because the most likely result is amendment or cancellation of claims (Motion at 10); and (ii) any delays arising out of the reexamination process would "contribute to judicial economy." Motion at 11. These arguments are based on Defendant's assumption that the reexaminations will succeed – an assumption that is belied by PTO statistics demonstrating that all claims are cancelled in only 11% of the reexaminations undertaken by the PTO. Exhibit C at 2. Indeed, it is more than twice as likely (25%) that all claims will be confirmed without any changes. *Id.*

USA Mobility also asserts that it was diligent in seeking reexamination, while EON has not shown diligence in prosecuting this action. As even Defendant admits, however, EON filed this lawsuit just three days after it was formed. Motion at 2. Since that time, EON has worked diligently to resolve its claims informally and to prosecute this lawsuit despite Defendants' dozens of requests for extensions and USA Mobility's attempts to slow down this lawsuit. Ex. E at ¶¶ 5-11. And while USA Mobility claims that it was diligent in filing reexamination requests

on January 9 (more than 3 months after the Complaint was filed), a number of unsuccessful movants have acted with greater diligence than USA Mobility. *See Biax,* 2007 WL 614187, at *1 (denying motion to stay even when the reexaminations were pending when the lawsuit was filed); *Affinity Labs of Texas,* No. 9:08-CV-164, at 2 (denying motion to stay and stating that "Defendants did not act with dispatch" where reexamination was filed 72 days after Complaint).

Defendant next argues that EON will not be prejudiced because EON does not compete with the defendants and has "repeatedly made plain that its objectives are solely monetary." Motion at 11-12.  Defendant's repeated reliance on EON's status as a non-practicing entity is simply irrelevant to the issue of whether a stay will prejudice EON.  *See Parallel Networks, LLC v. Netflix, Inc.,* No. 2:07-CV-562 (E.D. Tex. Dec. 23, 2008) (finding that plaintiff's status as a non-practicing entity "had no bearing on whether it will be prejudiced by a stay because every patentee has equal rights under the law to enforce his patent rights."), attached hereto as Exhibit D.  Further, the United States Supreme Court has plainly rejected "categorical rules" such as viewing non-practicing entities as being incapable of showing irreparable harm.  *eBay, Inc. v. MercExchange,* 547 U.S. 388, 393 (2006) (explaining that "patent holders may be able to satisfy the traditional four-factor test, and we see no basis for categorically denying them the opportunity to do so").  In fact, this Court has previously held that a non-practicing patent holder was entitled to injunctive relief.  *Commonwealth Scientific and Indus. Research Org. v. Buffalo Tech., Inc.,* 492 F. Supp. 2d 600 (E.D. Tex. 2007).  In any event, the availability of damages accrued during a stay will not alleviate the fundamental harm associated with the stay – the delay associated with the final resolution of the charge of infringement and the award of damages due from USA Mobility and the other defendants in this litigation.

In its zeal to obtain a stay, Defendant next overreaches by citing *Spa Syspatronic, supra,* for the proposition that the fact that it requested an *ex parte* reexamination somehow favors a

stay.[4]  On the contrary, in *Spa Syspatronic*, Judge Love acknowledged that the nonmovant "will suffer some prejudice because of the *ex parte* proceeding." *Spa Syspatronic,* 2008 WL 1886020, at *2.  Accordingly, the existence of an *ex parte* reexamination further bolsters EON's opposition to the motion for stay; it does not favor a stay as USA Mobility claims.  A fair reading of Judge Love's opinion reveals that where, as here, an *inter partes* reexamination is not available, the fact that USA Mobility filed an *ex parte* reexamination "cannot be held against" USA Mobility as is generally the case.  *Id.*[5]  But that certainly does not mean that an *ex parte* request favors a stay as USA Mobility incorrectly claims.

### 2.    A Stay Would Place Eon at a Tactical Disadvantage

In addition to causing EON severe prejudice, staying this case indefinitely would create numerous tactical disadvantages for EON in this litigation after the stay is finally lifted.  *Biax,* 2007 WL 614187, at *4.  This is so because "crucial witnesses are more likely to be located if discovery is allowed to proceed now, rather than later."  *Anascape, Ltd. v. Microsoft Corp.,* 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007).  In light of the very real possibility that "witnesses may become unavailable, their memories may fade, and evidence may be lost while the PTO proceedings take place," a stay in this lawsuit would create a clear tactical disadvantage for EON.  *Gladish v. Tyco Toys, Inc.,* No. CIV.S-92-1666WBS/JFN, 1993 WL 625509, at *5-6 (E.D. Cal. 1993).

A stay would also be inappropriate because this Court, not the PTO, is the most appropriate forum to consider USA Mobility's invalidity defenses and the unenforceability defenses asserted by Brinks, SkyTel and American Messaging.  USA Mobility's invalidity defenses include arguments that the patents-in-suit are invalid due to obviousness under 35

---

[4]   As this Court is well aware, as a general rule, courts in this district rarely grant motions to stay pending *ex parte* reexamination unless the movant also agrees to a stipulation (and even in that event a number of motions to stay are denied).  *See generally, Affinity Labs of Texas*, No. 9:08-CV-164 (attached as Exhibit A).

[5]  Plaintiff's reliance on *Spa Syspatronic* is unavailing because that case is readily distinguishable.  In that case, the stay was granted in large part due to the "unique circumstances" in that case.  *Id.* at *4.  In particular, there was a high potential to simplify the issues because a European counterpart to the patent-in-suit had already been revoked during reexamination.

U.S.C. § 103.  Any determination of obviousness *must* include an analysis of evidence relating to the secondary considerations of non-obviousness.  *Knoll Pharm. Co. v. Teca Pharm. USA, Inc.,* 367 F.3d 1381, 1385 (Fed. Cir. 2004) ("The so-called 'objective' criteria must always be considered, *Graham v. John Deere Co.,* 383 U.S. 1, 17-18 (1966), and given whatever weight is warranted by the evidence presented.").

These secondary considerations of non-obviousness include, among other things: (1) the commercial success of products covered by the patent claims (including the infringer's products); (2) praise of the invention by the infringer or others in the field; (3) a long-felt need for the invention; and (4) copying of the invention by others in the field.  *Graham,* 383 U.S. at 17-18; *Vulcan Eng'g Co. v. Fata Aluminum, Inc.,* 278 F.3d 1366, 1373 (Fed. Cir. 2002) (explaining that contemporaneous recognition by those in the industry is a useful indicator of whether the invention was obvious).   Much of the evidence supporting these secondary considerations would only be available to EON through discovery from USA Mobility, the other defendants and/or third parties under the Federal Rules of Civil Procedure and this Court's mandatory disclosures.  As such, staying this lawsuit could well prevent EON from discovering critical evidence from USA Mobility and others, including information showing the commercial success of the accused instrumentalities, evidence of previous failed products, and evidence that USA Mobility or other defendants or third parties copied and/or praised the inventions.  Likewise, a stay would prevent EON from obtaining discovery and fully litigating the unenforceability defense raised by several defendants.

### 3.    The Motion to Stay Should Be Denied Because a Stay Would Not Simplify Issues in this Case.

Defendant next argues that a stay is necessary because the PTO cancels or amends claims in "approximately three out of four reexamined patents."  Motion at 6.  Importantly, however, despite the possibility that claims will be changed, this Court has been "unwilling to adopt a *per se* rule that patent cases should be stayed pending reexamination because some of the relevant claims may be affected."  *Soverain Software,* 356 F. Supp. 3d at 662-63.  This is so because

"[t]he interests of justice will be better served by dealing with that contingency when and if it occurs rather than putting this case on hold." *Id.*

USA Mobility's entire argument that reexamination would simplify this case amounts to nothing more than speculation. *Biax,* 2007 WL 614187, at *2 (denying stay because "this factor is speculative."). Indeed, the same PTO statistics upon which USA Mobility relies reveal that: (1) there is an 89% chance that one or more claims will be confirmed (*Ariba,* 2007 WL 3132606, at *2); and (2) there is only an 11% chance that all claims will be cancelled. Exhibit C at 2. Indeed, it is more than twice as likely that the claims will be confirmed without any changes (25%) as it is that all claims will be cancelled. *Id.*

The mere fact that the reexamination petitions were granted does not alter this result. This was only the first step in the lengthy reexamination process. EON has the right to file a statement under 37 C.F.R. 1.530 within two months of the decision to grant the reexamination request, and may then present arguments as to why reexamination should not be granted. Even if EON does not file a statement, it will still be at least two months before the patent office issues a first office action in the reexaminations. The initial office actions may very well conclude that some claims or all claims are allowable over the single reference for which they found a substantial question of validity. The order granting the reexamination requests is not an office action on the merits, and the claims must still be examined to determine whether the Cunningham reference, which relates to analog cellular telephone systems and not to a digital interactive nationwide data service communication system, has any bearing on the patentability of the claims whatsoever. In any event, given the significant difference in the technologies involved and the fact that many of USA Mobility's arguments have already been rejected by the PTO, it is unlikely that the reexaminations will result in cancellation of all claims.

A stay will also have a negligible impact in simplifying the issues in question or the trial of the case – absent the extremely unlikely cancellation of all the claims – because the reexaminations now concern only issues of patentability raised by one prior art patent located by one defendant out of thirteen in this case. The reexamination proceedings will not address any of

the other numerous prior art references that will inevitably be relied upon by the other defendants in this case or additional prior art that may be located by USA Mobility.  Nor do they, nor can they, address any of the other invalidity defenses raised by defendants that are not based on prior art patents or publications.  Based on the pleadings filed by defendants to date, these defenses include the unenforceability claims asserted by Defendants Brinks (Dkt. No. 68 at 8), American Messaging (Dkt. No. 87 at 8), and SkyTel (Dkt. No. 96 at 8), as well as the defenses of laches, waiver and estoppel asserted by numerous defendants, including USA Mobility.  *See e.g.,* Dkt. No. 89 at 7; Dkt. No. 91 at 11; Dkt. No. 93 at 8.   And, of course, the reexamination proceedings do not address the issues of infringement and damages, which are the exclusive province of federal court patent litigation.  Under similar circumstances, courts have not hesitated to deny motions to stay.  *Purechoice,* 2007 WL 1189844, at *1 (holding that the chance of a material change or voidance of claims was too speculative to support a stay since "waiting for completion of the reexamination may only simplify the case to a limited degree"); *Ariba,* 2007 WL 3132606, at *2 (rejecting stay because the issues would not be "sufficiently simplified to justify a stay").

USA Mobility also claims that the PTO is "in a better position than the Court to evaluate the validity [of the patents-in-suit] in view of prior art references."  Motion at 8.  EON strongly disagrees with Defendant.  This Court has handled numerous patent litigation matters and routinely evaluates whether or not a patent is valid in view of prior art.  If, as USA Mobility claims, it is truly interested in avoiding a lengthy patent trial and its invalidity case is as strong as it claims, then it would be to USA Mobility's advantage to file an early dispositive motion in this Court as opposed to pinning its hopes on reexamination.  As Judge Clark recently explained, filing a dispositive motion "can only benefit [the movant], who would presumably prefer a single, cost-effective dispositive decision to an extended series of battles in the PTO and later in the courts."  *Affinity Labs of Texas,* No.9:08-CV-164, at 6 (Exhibit A).

### 4.    The Status of Discovery Does Not Require a Stay.

This case may be in the early stages, but that fact alone does not favor a stay.  *See Sighting Sys. Inst., LLC v. Prestige Law Enforcement, Inc.,* No. 3:05-CV-1560 2006 WL

2642184, at *11 (N.D. Tex. Sept. 11, 2006) ("Although the advanced nature of a case approaching trial may weigh heavily against granting a stay, the opposite inference – that a suit in the early stages should weigh heavily in favor of a stay – is not true."); *See also Biax,* 2007 WL 614187, at *6 (denying motion for stay where case was in its early stages and reexaminations were pending before lawsuit was filed); *Visto Corp. v. Research in Motion Ltd.,* 2007 U.S. Dist. LEXIS 76134 (E.D. Tex. Sept. 28, 2007) (denying motion to stay even very early in proceedings). Indeed, any other approach by the Court would only further encourage the type of gamesmanship employed by USA Mobility in this case, which included expressing interest in settlement, and then requesting delays in the service of process and thereafter seeking multiple extensions of its answer deadline to slow down the litigation.

Even though the parties have not yet exchanged disclosures and EON's infringement contentions will not be due until four days after the status conference, EON has been diligently working on its infringement contentions.  EON has also collected the documents that must be produced in conjunction with its infringement contentions and is preparing them for production. No matter how this Motion is resolved, EON will still have put forth the effort required with respect to the infringement contentions and document production.

As of Friday, March 6, 2009, all defendants in this case have either answered, defaulted, been dismissed, settled or are close to settling.  Dkt. No. 107.  EON has filed a notice that this case is ready for a scheduling conference.  *Id.*  By the time this motion is ready for consideration, all defendants will have answered and the case will be ripe for the status conference.

## IV.   <u>CONCLUSION</u>

In sum, a stay in this case would be highly prejudicial to EON and would place EON at a clear tactical disadvantage.  Further, the proposed stay would do little, if anything, to simplify the issues in this case.  Accordingly, EON respectfully requests that the Court deny USA Mobility's Motion to Stay.

Dated:  March 10, 2009.

Respectfully submitted,

JACKSON WALKER L.L.P.


 /s/ A.M. (Russ) Meyer, Jr.
A.M. (Russ) Meyer, Jr. – Lead Counsel
Texas State Bar No. 13998700
John M. Jackson
Texas State Bar No. 24002340
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
[Tel.]: (214) 953-6134
[Fax]: (214) 953-6613
email: rmeyer@jw.com

Daniel Scardino
Texas State Bar No. 24033165
Chris Johns
Texas State Bar No. 24044849
JACKSON WALKER L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
[Tel.]: (512) 236-2000
[Fax]: (512) 236-2002
email: dscardino@jw.com

Douglas R. McSwane, Jr.
Texas State Bar No. 13861300
POTTER MINTON, PC
110 N. College Ave.
500 Plaza Tower (75702)
P.O. Box 359
Tyler, Texas 75710
[Tel.]: (903) 597-8311
[Fax]:  (903) 593-0846
Email: dougmcswane@potterminton.com

**ATTORNEYS FOR PLAINTIFF
EON CORP. IP HOLDINGS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2009, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, March 10, 2009.

<u>/s/ A.M. (Russ) Meyer, Jr.</u>
A.M. (Russ) Meyer, Jr.