IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:08-CV-385 |
| | § | |
| SKYTEL CORPORATION, et al., | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Stay Pending Reexamination, (Doc. No. 82), filed by Defendant USA Mobility, Inc. ("USA Mobility") and joined by Defendants Skytel Corp., (Doc. No. 174), SmartSynch, Inc. (Doc. No. 117), All Page of Houston, Inc. (Doc. No. 120), American Messaging Services, LLC (Doc. No. 121), Inilex, Inc. (Doc. No. 137), and Brink's Home Security, Inc. (Doc. No. 143) (collectively, "Defendants"). Plaintiff Eon Corp. IP Holdings, LLC ("Eon") has filed a Response in Opposition to Defendants' Motion (Doc. No. 109), as well as a Sur-Reply (Doc. No. 145). USA Mobility has also filed a Reply in Support (Doc. No. 123). Having considered the parties' arguments, and for the reasons set forth herein, the Court **DENIES** Defendants' Motion.

## BACKGROUND

Eon filed the instant action on September 29, 2008, alleging that Defendants infringe U.S. Patent Nos. 5,388,101 ("the '101 patent") and 5,481,546 ("the '546 patent"). Eon originally notified USA Mobility that it believed USA Mobility infringed the patents in suit on December15, 2008. On January, 9, 2009, USA Mobility filed petitions with the US Patent and Trademark Office ("PTO") requesting *ex parte* reexamination of the '101 and '546 patents. Three days later, Eon served USA Mobility. USA Mobility filed the present Motion on February 20, 2009. (Doc. No. 82.) Five days later the PTO granted reexamination of all claims of the two patents in suit. (Doc. No. 95.) Six of the twelve defendants in this case have joined in USA Mobility's Motion.

**LEGAL STANDARD**

District Courts have the inherent power to manage their dockets, and this includes the power to stay proceedings. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In deciding whether to stay litigation pending reexamination of a patent, courts primarily consider three factors: 1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, 2) whether a stay will simplify the issues in question and the trial of the case, and 3) whether discovery is complete and whether a trial date has been set. *Soverain Software*, 356 F. Supp. 2d at 662.

District Courts have noted a number of advantages in granting a stay pending reexamination: 1) all prior art presented to the Court will have been first considered by the PTO with its particular expertise; 2) many discovery problems relating to the prior art can be alleviated by the PTO examination; 3) in those cases resulting in effective invalidity of the patent, the suit will likely be dismissed; 4) the outcome of the reexamination may encourage a settlement without the further use of the Court; 5) the record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation; 6) issues, defenses and evidence will be effectively limited in pre-trial conferences after a reexamination; and 7) the cost of litigation will likely be reduced. *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006). Nevertheless, each court considering a motion to stay pending reexamination must properly weigh the enumerated factors on a case-by-case basis. *Datatreasury*, 490 F. Supp. 2d at 755 ("The Court notes that each

motion to stay pending reexamination filed in this Court is considered on a case-by-case basis with each cause of action presenting distinct circumstances; there exists no policy in this Court to routinely grant such motions.").

It is also pertinent to note that early versions of what became the reexamination statutes expressly provided for a stay of court proceedings during reexamination. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (listing legislative history). Yet, Congress deemed such an express provision unnecessary because "[i]t is anticipated that these measures [reexamination proceedings] provide a useful and necessary alternative for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner." *Id.* (quoting H.R. Rep. No. 1307 (1980)). Thus, litigation and reexamination are not mutually exclusive alternatives for the parties to test the validity of a patent—they may be concurrent proceedings. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427–28 (Fed. Cir. 1988) (rejecting argument that it would waste the PTO's resources to continue a reexamination during a trial and holding that the Commissioner of Patents and Trademarks had no authority to stay patent reexamination pending outcome of case in district court).

**DISCUSSION**

In this case, USA Mobility argues that a stay is warranted because 1) EON will not suffer prejudice; 2) staying the case will narrow the issues for trial; and 3) discovery in this case is still in its infancy. Eon responds that 1) it will be "unduly prejudiced" by a stay; 2) the issues will not be simplified; and 3) even though this case is in the early stages, a stay would be inappropriate.

**I.      Prejudice**

USA Mobility contends that Eon will not suffer any harm if USA Mobility continues to make

and use the accused products during the stay because Eon is a patent holding company that does not make or sell any product or service covered by the patents in suit. It points out that, if Eon ultimately prevails, it will still be entitled to collect damages accrued during the stay. *See Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985).

Eon counters that it will be prejudiced because the reexamination process is extremely time consuming. It argues that, despite the Patent Act's prescription that all reexaminations "be conducted with special dispatch," 35 U.S.C. § 305 (1980), the reexamination process could take years to complete. *See Orion IP, LLC v. Mercedes-Benz, USA, LLC*, No. 6:05-cv-322, 2008 WL 5378040 at *8 (E.D. Tex. Dec. 22, 2008) (noting that the reexamination procedure, in conjunction with a possible appeal to the Board of Patent Appeals and Interferences, "could take years"); *Biax Corp. v. Fujitsu Computer Sys. Corp.*, No. 2:06-cv-364, 2007 WL 614187 at *2 (E.D. Tex. Feb. 26, 2007) (noting party's argument that *ex parte* reexaminations take an average of 22.6 months to complete and the appellate process for reviewing a reexamination could take an additional 24 months); *see also Stormedia Texas, LLC v. CompUSA, Inc.*, No. 2:07-cv-025, 2008 WL 2885814 at *2 (E.D. Tex. July 23, 2008) (noting that PTO has not provided guidance on length of time required for reexaminations and therefore the "potential delay for an indefinite period would likely prejudice [the plaintiff]"). Eon also argues that it will be tactically disadvantaged by a stay. Because the stay could last several years, witnesses could become unavailable, their memories may fade, and evidence may be lost. *See Gladish v. Tyco Toys, Inc.*, 1993 WL 625509 at *2 (E.D. Cal. 1993).

The Court finds that Eon would be unduly prejudiced if the Court were to grant a stay. A stay could potentially prevent Eon from enforcing its rights for several years. Although the Patent Act specifies that all reexaminations "be conducted with special dispatch," 35 U.S.C. § 305, the PTO's

4

most recent report indicates that the average pendency for *ex parte* reexamination is 24.9 months. *See* United States Patent and Trademark Office, Ex Parte *Reexamination Filing Data – December 31, 2008*, available at www.uspto.gov/web/patents/ documents/ex_parte.pdf. While the *Markman* hearing in this case is set for February 11, 2010, and the trial date is October 12, 2010, at the current rate, reexamination of the patents in suit will not be completed until approximately February 2011, or perhaps longer. This considerable delay could allow for a loss of critical evidence as witnesses could become unavailable, their memories may fade, and evidence may be lost. *See Gladish*, 1993 WL 625509 at *2. In addition, because the estoppel provisions of *inter partes* reexamination do not apply, the Defendants may still be able to challenge the validity of the patents at issue even after the lengthy reexamination process is completed.[1]

Furthermore, Eon may still be entitled to a permanent injunction, even though it does not practice its patents. *See Ebay Inc. v. MercExchange, LLC*, 547 U.S. 388, 393 (2006) (declining to adopt a categorical rule that non-practicing patent-holders cannot receive injunctive relief); *see, e.g., Commonwealth Sci. and Indus. Research Org. v. Buffalo Tech. Inc.*, 492 F. Supp. 2d 600, 607-08 (E.D. Tex. 2007), *rev'd on other grounds by,* 542 F.3d 1363 (Fed. Cir. 2008) (granting permanent injunction to a non-practicing patent owner). While Eon will be able to collect damages for infringement occurring during the stay, Eon may still suffer from irreparable harm during that time. Should USA Mobility be found to infringe the asserted patents in this litigation, damages alone may not fully compensate Eon for a lengthy delay resulting from reexamination. The right to exclude,

---

[1] Defendants have not stipulated that they will not challenge the validity of the patents in suit based on prior art considered by the PTO during reexamination. *See, e.g., Premier Intern. Assoc. LLC v. Hewlett-Packard Co.*, 554 F. Supp. 2d 717, 725 (E.D. Tex. 2008) (granting stay only to those Defendants who would agree to such a stipulation).

even for a non-practicing entity, may be the only way to fully vindicate the patentee's ownership in the patent. *See Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1327–1328 (Fed. Cir. 2008) (explaining that with regard to the first factor in a court's analysis whether to issue a permanent injunction, "[i]n view of [the right to exclude others], infringement may cause a patentee irreparable harm not remediable by a reasonable royalty [or lost profits]"); *cf. Spa Syspatronic, AG v. Verifone, Inc.*, No. 2:07-cv-416, 2008 WL 1886020 at *2 (E.D. Tex. Apr. 25, 2008) (finding that a stay would not prejudice the plaintiff because it could not secure a permanent injunction due to the patent term expiring prior to trial). Therefore, the Court finds that Eon would suffer undue prejudice resulting from a stay in this case and that this factor weighs heavily against granting a stay.

Moreover, motions to stay are considered on a case-by-case basis and there exists no policy in this Court to routinely grant such motions. *See SpaSyspatronic, AG*, 2008 WL 1886020 at *2; *Datatreasury*, 490 F. Supp. 2d at 755. To do so would turn reexamination into an administrative process that must be completed before a suit for patent infringement may move forward. Yet, patents are presumed valid, 35 U.S.C. § 282, and reexamination is not required before bringing suit. The potential for use of the reexamination process as a dilatory tactic must be considered. Thus, this Court is hesitant to elevate this process—one that could take years—into a requisite procedure before a lawsuit may move forward. *See Nidec Corp. v. LG Innotek Co.*, No. 6:07-cv-108, slip op. at 11 (E.D. Tex. Apr. 3, 2009); *see also Orion IP*, 2008 WL 5378040 at *8 (noting that the reexamination procedure, in conjunction with a possible appeal to the Board of Patent Appeals and Interferences, "could take years").

## II.     Simplification of Issues

USA Mobility asserts that, no matter the outcome of the reexamination, the issues before this Court will be simplified. "If the reexamination proceeding invalidates or narrows a claim or claims, the issues at trial will be simplified." *Echostar Tech. Corp. v. Tivo, Inc.*, 2006 WL 2501494 at *4 (E.D. Tex. July 14, 2006). On the other hand, "to the extent the reexamination proceeding reaffirm[s] the claims at issue, the Court will then have the benefit of the PTO's expert analysis of the prior art that allegedly invalidates or limits the claims." *Id*. Furthermore, USA Mobility argues that it is highly likely that at least some of the claims of the patents at issue will be rejected.

Eon asserts that reexamination is not a substitute for the proceedings in this Court, and therefore a stay will not necessarily simplify the issues for trial. Eon argues that this Court will still need to decide issues of validity because *ex parte* reexaminations have no estoppel effect, and it is likely that the other defendants in this case will offer invalidity arguments based on additional prior art references. In addition, this case already involves numerous invalidity and unenforceability arguments that will not be considered by the PTO, including laches, waiver, and estoppel.

The Court is not fully convinced that reexamination will simplify the issues for trial in this case. *See Roy-G-Biv Corp. v. Fanuc Ltd.*, No. 2:07-cv-418, 2009 WL 1080854 at *2 (E.D. Tex. Apr. 14, 2009) (acknowledging that reexamination may actually complicate issues by creating additional prosecution history estoppel and disavowal arguments). Based on the PTO's most recent report, *ex parte* reexaminations result in all claims being cancelled only 11% of the time, and they result in some claims being changed 64% of the time. *See* United States Patent and Trademark Office, *Ex Parte Reexamination Filing Data – December 31, 2008*, available at www.uspto.gov/web/patents/documents/ex_parte.pdf. While either of these outcomes could simplify some issues in this case, it is difficult to gauge, at this early stage in the reexamination process, how likely it is that any of the

patent claims at issue will ultimately be cancelled or modified through amendment. Furthermore, there are no extrinsic indications that this reexamination is particularly likely to result in all claims being confirmed. *See, e.g., SpaSyspatronic, AG*, 2008 WL 1886020 at *3 (granting motion to stay pending reexamination where a European counterpart of the patent at issue had recently been revoked after reexamination for lack of novelty).

One final reason why reexamination is unlikely to simplify the issues in this case is that the Defendants may still challenge the validity of the patents at issue because *ex parte* reexamination proceedings have no estoppel effect. Because the patents in this case issued before the *inter partes* reexamination procedure was developed, the Court cannot fault USA Mobility for requesting *ex parte* reexamination. *See Spa Syspatronic*, 2008 WL 1886020 at *2. Nonetheless, the fact remains that even if reexamination results in all claims being confirmed, the Court could be presented with the exact same invalidity arguments addressed by the PTO. Thus, waiting for the completion of the reexamination may only simplify the issues in this case to a limited degree. For all these reasons, this second factor does not weigh in favor of a stay.

## III.   Timing

USA Mobility filed its request for reexamination soon after it was notified by Eon of the impending lawsuit. At the time USA Mobility filed this Motion, no *Markman* date had been set and no trial date had been set. Eon argues that USA Mobility has stalled this litigation by feigning interest in settlement and requesting additional time to answer the complaint, but the Court is not convinced that USA Mobility has unnecessarily delayed this litigation. The Court finds that this factor weighs in favor of transfer. *See Biax Corp.*, 2007 WL 614187 at *2.

## CONCLUSION

The Court finds that although USA Mobility has shown diligence in filing this Motion, Eon would suffer undue prejudice resulting from a stay in this case and the issues in this case may not be significantly simplified as a result of the reexamination. Thus, the first factor weighs heavily against a stay, the second factor is neutral, and the third factor weighs only somewhat in favor of a stay. On balance, a stay is not appropriate in this case. *See Widevine Techs., Inc. v. Verimatrix*, No. 2:07-cv-321, 2008 WL 4426484 at *2 (E.D. Tex. Sept. 25, 2008); *Ariba, Inc. v. Emptoris, Inc.*, No. 9:07-cv-90, 2007 WL 3132606 at *2 (E.D. Tex. Oct. 23, 2007); *Biax Corp.*, 2007 WL 614187 at *2. For all the foregoing reasons, Defendants' Motion to Stay Pending Reexamination is **DENIED**.

**So ORDERED and SIGNED this 29th day of April, 2009.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE