UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>  Plaintiff,<br><br> v.<br><br>VERIZON CLINTON CENTER DRIVE CORP., SMARTSYNCH, INC., USA MOBILITY, INC., AMERICAN MESSAGING SERVICES, LLC, ALL PAGE OF HOUSTON, INC., INILEX, INC., ALARM.COM INCORPORATED, FOOD AUTOMATION – SERVICE TECHNIQUES, INC., VILLAGE SOFTWARE, INC., SKYGUARD, LLC, VEHICLE MANUFACTURERS, INC., HONEYWELL HOMMED, LLC, NIGHTHAWK SYSTEMS, INC., BRINK'S HOME SECURITY, INC., CARRIER CORPORATION, BECKWITH ELECTRIC CO., INC., DATAONLINE, LLC, MWA INTELLIGENCE, INC. and COMSOFT CORPORATION,<br><br>  Defendants. | Civil Action No. 6:08-cv-385-LED<br><br>JURY TRIAL DEMANDED |

### DEFENDANT SMARTSYNCH'S FIRST AMENDED ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

  Defendant SmartSynch, Inc.'s ("SmartSynch") through its undersigned counsel hereby sets forth the First Amended Answer and Counterclaims to the First Amended Complaint for Patent Infringement (the "Complaint") of Plaintiff EON Corp. IP Holdings, LLC (hereinafter "IP Holdings") as follows:

## ANSWER

The first un-numbered paragraph of the Complaint does not admit of a response by SmartSynch, but to the extent necessary, SmartSynch denies that IP Holdings has in fact set forth any viable cause of action against SmartSynch.

SmartSynch replies to the numbered paragraphs of IP Holdings' Complaint as follows:

## THE PARTIES

1. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 and, therefore, denies the same.

2. The averments set forth in paragraph 2 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 and, therefore, denies the same.

3. SmartSynch admits that it is a Delaware Corporation with its principal place of business at 4400 Old Canton Road, Jackson, Mississippi 39211. SmartSynch admits that it does not maintain a regular place of business in Texas and admits that it does not have a registered agent in Texas for service of process. SmartSynch admits that the Complaint purports to state claims arising from or connected with acts performed by SmartSynch in Texas. SmartSynch admits that at the time of filing the Amended Complaint, Donna Grewe was listed as the registered agent for SmartSynch in Mississippi. SmartSynch denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any acts that constitute infringement of a valid claim or that otherwise rise to such allegations.

2649421 v023

SmartSynch denies that it uses or induces others to use a two-way communication network to provide paging, messaging and/or telemetry services in Texas. The remaining statements in Paragraph 3 are conclusions of law as opposed to averments of fact, and as such, no answer is required. To the extent any factual averment in Paragraph 3 is not expressly admitted, it is denied.

.     4.     The averments set forth in paragraph 4 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 and, therefore, denies the same.

5.     The averments set forth in paragraph 5 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 and, therefore, denies the same.

6.     The averments set forth in paragraph 6 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 and, therefore, denies the same.

7.     The averments set forth in paragraph 7 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 and, therefore, denies the same.

8.     The averments set forth in paragraph 8 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 and, therefore, denies the same.

9. The averments set forth in paragraph 9 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 and, therefore, denies the same.

10. The averments set forth in paragraph 10 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 and, therefore, denies the same.

11. The averments set forth in paragraph 11 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 and, therefore, denies the same.

12. The averments set forth in paragraph 12 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 and, therefore, denies the same.

13. The averments set forth in paragraph 13 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 and, therefore, denies the same.

14. The averments set forth in paragraph 14 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 and, therefore, denies the same.

15. The averments set forth in paragraph 15 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 and, therefore, denies the same.

16. The averments set forth in paragraph 16 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 and, therefore, denies the same.

17. The averments set forth in paragraph 17 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 and, therefore, denies the same.

18. The averments set forth in paragraph 18 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 and, therefore, denies the same.

19. The averments set forth in paragraph 19 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 and, therefore, denies the same.

20. The averments set forth in paragraph 20 are not directed at SmartSynch and it is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 and, therefore, denies the same.

## JURISDICTION AND VENUE

21. Paragraph 21 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that paragraph 21 contains any allegations of fact, SmartSynch admits that the Complaint purports to be an action arising under 35 U.S.C. § 271, but denies the remaining factual allegations of paragraph 21 of the Complaint and denies that Plaintiff has any viable cause of action against SmartSynch.

22. Paragraph 22 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that paragraph 22 contains any allegations of fact, SmartSynch admits that IP Holdings has invoked this Court's subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), but denies the remaining factual allegations of paragraph 22 of the Complaint and denies that Plaintiff has any viable cause of action against SmartSynch.

23. Paragraph 23 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that paragraph 23 contains any allegations of fact, SmartSynch admits that IP Holdings asserts that this Court has personal jurisdiction over "each SmartSynch", but denies the remaining factual allegations of paragraph 23 of the Complaint and denies that Plaintiff has any viable cause of action against SmartSynch.

24. Paragraph 24 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that paragraph 24 contains any allegations of fact, SmartSynch admits that IP Holdings asserts that venue is proper in this jurisdiction under 28 U.S.C. §§ 1400(b) and 1391, but denies the remaining factual allegations of paragraph 24 of the Complaint and denies that Plaintiff has any viable cause of action against SmartSynch.

**COUNT 1: PATENT INFRINGEMENT**

SmartSynch incorporates by reference as if fully set forth herein its responses to Paragraphs 1-24 of the Complaint set forth above.

2649421 v023

Page 6

25. SmartSynch admits that a copy of what is purported to be a copy of U.S. Patent No. 5,388,101 (the "'101 patent") was attached as Exhibit A of the Complaint. SmartSynch denies that IP Holdings is assignee of all rights, title, and interest in and to the '101 patent or the allegation that IP Holdings possesses all rights of recovery under the '101 patent, including the right to recover damages for past infringement. SmartSynch denies the remaining allegations of paragraph 25 of the Complaint.

26. SmartSynch admits that a copy of what is purported to be a copy of U.S. Patent No. 5,481,546 (the "'546 patent") was attached as Exhibit B of the Complaint. SmartSynch denies that IP Holdings is assignee of all rights, title, and interest in and to the '546 patent or the allegation that IP Holdings possesses all rights of recovery under the '546 patent, including the right to recover damages for past infringement. SmartSynch denies the remaining allegations of paragraph 26 of the Complaint.

27. Denied.

28. The averments set forth in paragraph 28 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28 and, therefore, denies the same.

29. Denied.

30. The averments set forth in paragraph 30 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30 and, therefore, denies the same.

31.  The averments set forth in paragraph 31 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 31 and, therefore, denies the same.

32.  The averments set forth in paragraph 32 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32 and, therefore, denies the same.

33.  The averments set forth in paragraph 33 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33 and, therefore, denies the same.

34.  The averments set forth in paragraph 34 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34 and, therefore, denies the same.

35.  The averments set forth in paragraph 35 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 and, therefore, denies the same.

36.  The averments set forth in paragraph 36 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36 and, therefore, denies the same.

37.  The averments set forth in paragraph 37 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37 and, therefore, denies the same.

38. The averments set forth in paragraph 38 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 38 and, therefore, denies the same.

39. The averments set forth in paragraph 39 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39 and, therefore, denies the same.

40. The averments set forth in paragraph 40 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 40 and, therefore, denies the same.

41. The averments set forth in paragraph 41 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 and, therefore, denies the same.

42. The averments set forth in paragraph 42 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42 and, therefore, denies the same.

43. The averments set forth in paragraph 43 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 43 and, therefore, denies the same.

44. The averments set forth in paragraph 44 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 44 and, therefore, denies the same.

45. The averments set forth in paragraph 45 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 45 and, therefore, denies the same.

46. The averments set forth in paragraph 46 are not directed at SmartSynch. SmartSynch is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 46 and, therefore, denies the same.

47. Denied.

48. Denied.

49. Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

Although no answer to Plaintiff's prayer for relief is required, SmartSynch states that no basis exists in law or in equity for any of the relief requested therein.

Unless expressly admitted above, any and all averments and allegations contained in the Complaint are denied.

## AFFIRMATIVE DEFENSES

Without admitting any allegation of the Complaint not otherwise admitted, SmartSynch asserts affirmative defenses as follows:

### FIRST DEFENSE

Upon information and belief, IP Holdings lacks standing to bring this suit.

### SECOND DEFENSE

Upon information and belief, IP Holdings is not an exclusive licensee to the '101 Patent and/or the '546 Patent.

### THIRD DEFENSE

IP Holdings' Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

The claims of the '101 and '546 Patents are invalid under at least one or more of 35 U.S.C. §§ 101, 102, 103 and 112 and/or 251.

### FIFTH DEFENSE

SmartSynch does not infringe plaintiff's patents, literally or under the doctrine of equivalents.

### SIXTH DEFENSE

SmartSynch is not a contributory infringer of Plaintiff's patents.

### SEVENTH DEFENSE

SmartSynch has not induced infringement of Plaintiff's patents.

### EIGHT DEFENSE

SmartSynch is not liable for infringement of Plaintiff's patents.

### NINTH DEFENSE

IP Holdings' Complaint is barred in whole or in part by the doctrine of waiver.

### TENTH DEFENSE

IP Holdings' Complaint is barred in whole or in party the doctrines of laches and/or estoppel.

### ELEVENTH DEFENSE

IP Holdings' claims fail to satisfy the requirements for equitable relief.

### TWELFTH DEFENSE

SmartSynch is not liable for any damages arising from alleged infringement of the '101 or '546 patents before the filing of the Complaint, due to the failure by the owner of the '101 or '546 patents – and those making, offering for sale and selling within the United States patented articles for or under that owner – to give notice to the public that the articles are patented as required by 35 U.S.C. § 287.

### THIRTEENTH DEFENSE

IP Holdings' claims are barred by the doctrines of prosecution history estoppel and prosecution laches.

### FOURTEENTH DEFENSE

SmartSynch reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### **COUNTERCLAIM**

SmartSynch files this, the Counterclaims against Plaintiff, IP Holdings, and in support thereof show the Court as follows:

1. This is an action for declaratory relief for which this Court has jurisdiction under 15 U.S.C. §§ 1331, 1338 and 2201.

2. SmartSynch is a corporation organized and existing under the laws of Delaware, with its principal place of business at 4400 Old Canton Road, Jackson, Mississippi 39211.

2649421 v023

3. In Paragraph 1 of its Complaint, IP Holdings avers that it is a Texas limited liability company with a "registered office" located at 110 North College, 500 Plaza Tower, Tyler, Texas 75702. IP Holdings is subject to personal jurisdiction, and venue is proper in this district by virtue of IP Holdings' filing the Complaint in this district.

4. By its Complaint, IP Holdings purports to assert claims against SmartSynch for infringement of the '101 or '546 patents.

5. SmartSynch denies IP Holdings' claims of infringement of the '101 or '546 patents for failure to comply with the requirements of 35 U.S.C. *et seq.*

6. An actual controversy has arisen and now exists between SmartSynch and IP Holdings as to the non-infringement of the '101 or '546 patents and the invalidity of the '101 or '546 patents.

## COUNT I – DECLARATION THAT IP HOLDINGS LACKS STANDING

7. SmartSynch repeats and realleges each allegation set forth in Paragraphs 1 through 6 as though fully set forth herein.

8. Upon information and belief, IP Holdings is not the assignee of all rights, title, and interest in and to the '101 Patent and '546 Patent and does not possess all rights of recovery under the '101 Patent and/or '546 Patent, including the right to recover damages for past infringement, and therefore, IP Holdings lacks standing to bring this suit.

9.  A judicial declaration that IP Holdings is not the assignee of all rights, title, and interest in and to the '101 Patent and '546 Patent and does not possess all rights of recovery under the '101 Patent and/or '546 Patent, including the right to recover damages for past infringement is necessary and appropriate at this time so that SmartSynch can ascertain its rights and duties with respect to the products and/or services that IP Holdings accuses of infringing the '101 Patent and '546 Patent.

## COUNT II – DECLARATION THAT
## IP HOLDINGS IS NOT AN EXCLUSIVE LICENSEE

10.  SmartSynch repeats and realleges each allegation set forth in Paragraphs 1 through 9 as though fully set forth herein.

11.  Upon information and belief, IP Holdings is not an exclusive licensee to the '101 Patent and/or the '546 Patent.

12.  A judicial declaration that IP Holdings is not an exclusive licensee to the '101 Patent and/or the '546 Patent is necessary and appropriate at this time so that SmartSynch can ascertain its rights and duties with respect to the products and/or services that IP Holdings accuses of infringing the '101 Patent and '546 Patent

## COUNT III – DECLARATION OF
## NON-INFRINGEMENT OF THE '101 AND '546 PATENTS

13.  SmartSynch incorporates by reference as if fully sets forth herein, the allegations and averments of paragraphs 1- 6 of the Counterclaim above.

14.  IP Holdings claims to be the owner by assignment of all legal rights, title and interests in the '101 or '546 patents.

15.     IP Holdings in this action asserts, in paragraph 29 of its Complaint, that SmartSynch is infringing '101 or '546 patents because allegedly "SmartSynch has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit."

16.     SmartSynch denies IP Holdings' claim of infringement and believes that the Complaint has been filed without good cause.

17.     An actual controversy has arisen between SmartSynch and IP Holdings concerning the infringement of the '101 or '546 patents.

18.     SmartSynch is entitled to judgment from this Court finding that the '101 or '546 patents are not infringed by any SmartSynch product or service.

## COUNT IV – DECLARATION OF INVALIDITY OF THE '101 AND '546 PATENTS

19.     SmartSynch restates and incorporates by reference each of the allegations of its Counterclaims in paragraphs 1-12.

20.     An actual controversy has arisen between SmartSynch and IP Holdings concerning the validity of the '101 or '546 patents.

21.     SmartSynch denies that either of the '101 or '546 patents is valid and asserts that the '101 or '546 patents are each invalid for failure to comply with the requirements of 35 U.S.C. *et seq*.

22. As a result, SmartSynch is entitled to judgment from this Court finding that the '101 or '546 patents are each invalid.

### **PRAYER FOR RELIEF**

WHEREFORE, SmartSynch prays for judgment on IP Holdings' allegations contained in the Complaint and on SmartSynch's counterclaims as follows:

1) Enter judgment against IP Holdings and in favor of SmartSynch on the claims set forth in the Complaint filed by IP Holdings and that such claims be dismissed with prejudice;

2) A declaration that IP Holdings has no standing to bring this suit;

3) A declaration that IP Holdings is not the exclusive licensee of the '101 Patent and/or the '546 Patent;

4) A declaration that SmartSynch does not and has never infringed the '101 and '546 Patents;

5) A declaration that the '101 and '546 Patents are invalid;

6) Find that IP Holdings take nothing by its Complaint and that IP Holdings' Complaint be dismissed with prejudice;

7) Find that this is an exceptional case and award SmartSynch its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise;

8) Award SmartSynch all of its costs of this action; and

9) Grant SmartSynch such other and further relief as the Court shall deem just and proper.

Dated: November 17, 2009                              Respectfully submitted,

> */s/ John P. Fry*
> John P. Fry
> Georgia Bar No. 278705 (*Pro Hac Vice*)
> jfry@mmmlaw.com
> Bryan G. Harrison
> Texas State Bar No. 9112600
> bgh@mmmlaw.com
> MORRIS MANNING & MARTIN LLP
> 3433 Peachtree Road, N.E.
> Atlanta, Georgia  30326
> Phone:  (404) 233-7000
> Fax:  (404) 365-9523
>
> **ATTORNEYS FOR SMARTSYNCH, INC.**

2649421 v023

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of Defendant SmartSynch, Inc.'s First Amended Answer and Counterclaims to the First Amended Complaint for Patent Infringement via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 17th day of November, 2009.  Any other counsel of record will be served via first class U.S. mail.

*/s/ John P. Fry*
**ATTORNEY FOR SMARTSYNCH, INC.**