IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION No. 6:08cv385 |
| | § | |
| VERIZON CLINTON CENTER DRIVE CORP, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### ORDER

Before the Court is Verizon Clinton Center Drive Corp.'s ("Defendant") Emergency Motion to Compel Documents and for Sanctions (Doc. No. 552). The parties presented argument at the pre-trial hearing held on September 28, 2010. The Court issued rulings from the bench and later issued a Supplemental Order ordering the parties to file a joint brief detailing their position on documents which Defendant contends EON Corp. ("Plaintiff") failed to adequately log in their privilege log. Plaintiff was further ordered to confirm whether documents exist related to a pre-suit investigation in 2008 and, if so, to produce such documents for *in camera* review. After consideration of the parties submissions and *in camera* review of Plaintiff's pre-suit investigation documents, Defendant's motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

Defendant has highlighted six groups of documents upon which they contend Plaintiff has waived attorney-client privilege or work-product protection. Each group of documents will be addressed in turn.

Defendant first contends that Plaintiff withheld sixteen (16) documents on the grounds of work-product protection, later withdrawing its claim of work product and asserting attorney-client privilege. (Doc. No. 581 at 10). As such, Defendant asserts that Plaintiff's has waived privilege by

its repeated failure to properly log the documents. Plaintiff concedes that it inadvertently designated twenty-three (23) documents as work product instead of attorney-client privileged, but has since revised its privilege log. *Id.* at 6. Comparison of Plaintiff and Defendant's exhibits (Doc. No. 581-9 and 581-12) demonstrates that Plaintiff has properly logged the sixteen complained of documents. The change in designation does not materially prejudice Defendant. Accordingly, the Court does not find that Plaintiff has waived privilege with regard to these documents.

Defendant also asserts that Plaintiff improperly withheld thirty-nine (39) documents on the grounds of work-product protection because they were disclosed to or involved communications with third-parties. (Doc No. 581 at 10). Defendant contends Plaintiff has waived protection because it has (1) repeatedly failed to properly log these documents, (2) failed to identify any litigation to which these documents relate and (3) failed to provide evidence of its relationship with the purported third parties to show that work product protection is properly invoked. Plaintiff counters that these documents are protected because the listed third-parties were working "at the behest of [Plaintiff's] counsel (in-house or outside patent counsel), and [Plaintiff] properly and timely asserted" protection. *Id.* at 8. Plaintiff further contends that Defendant bears the burden to demonstrate that a particular third-party was not working for Plaintiff's counsel. *Id.* The Court has reviewed the relevant entries in Plaintiff's privilege log (Doc. No. 581-13). The log entries demonstrate that the underlying documents are protected despite being shared with third-parties. The Court does not find that Plaintiff has waived work-product protection with regard to these documents.

Defendant further contends that Plaintiff belatedly logged ninety-eight (98) redacted documents, in violation of this Court's Order. (Doc. No. 581 at 11). Defendant argues that the

2

appropriate remedy is waiver. *Id.* Plaintiff counters that Defendant (1) only identified many of the complained of documents in its recent Motion and they have subsequently been logged; (2) some of the documents were already logged; and (3) one subset of documents was created during the course of this litigation, thus pursuant to agreement, do not need to be logged. *Id.* at 8-9. The Court does not find that Plaintiff has waived privilege regarding these documents.

Defendant next contends that Plaintiff has waived protection or privilege regarding Plaintiff's pre-suit investigation documents. *Id.* at 11-15. Defendant gives three independent reasons why waiver is appropriate: (1) Plaintiff's time line of events belies protection of the documents because Plaintiff hired experts to evaluate its patent portfolio for sale, not in anticipation of litigation (*Id.* at 12-13); (2) even if the documents are privileged, Plaintiff has waived by failing to log them (*Id.* at 13); and (3) Plaintiff has used the documents affirmatively by relying on them to rebut Defendant's laches argument (*Id.* at 13-14).

Plaintiff first contends that the parties agreed that documents created in anticipation of litigation need not be logged. *Id.* at 1-2. Neither party has been able to locate a written agreement. Plaintiff cites the following colloquy between counsel during a deposition as confirmation that such an agreement existed:

> [Counsel for Plaintiff]: Okay, Victor, is it the defendant's practice in this case not to log documents that are created in the course of litigation?
>
> [Counsel for Defendant]: Yeah, absolutely. That's the understanding from the parties.  Only pre-filing documents are logged.  And that's what you did, as far as I know.
>
> [Counsel for Plaintiff]: I think that's right. I think we talked about anticipation of litigation forward.

3

>[Counsel for Defendant]: We didn't anticipate any.

(Doc. No. 587-4 at 213:25-214:12). Plaintiff further contends that it is customary in Texas to not log documents related to pre-suit investigations and post-suit activities. (Doc. No. 594 at 1-2).

The Court notes that Plaintiff has been unable to provide documentary evidence that an agreement existed between the parties not to log documents created in the anticipation of litigation. While the Court understands that the parties agreed not to log materials created *during the course of the litigation,* it does not appear that the parties explicitly agreed not to log documents created in anticipation of litigation. Defendant certainly disputes the existence of such an agreement. Plaintiff's reliance on custom and, at best, an implicit oral agreement that pre-suit investigation documents need not be logged appears misguided, particularly where subsequent events have arguably put the documents at issue. Plaintiff's failure to achieve clarity on this issue has resulted, at least in part, in unnecessary suspicion and motion practice. Nonetheless, this Court does not take lightly the waiver of the attorney-client privilege or work-product protection and finds that Plaintiff's behavior has not been so egregious or unethical to justify wavier.

Plaintiff next asserts that they have not used or relied on the pre-suit documents, thus, have not waived privilege. *Id.* at 2-4. Plaintiff argues that while the documents may be relevant to the laches dispute, they have not waived privilege because the relevant inquiry is not "what legal advice was given or what information was conveyed to counsel, but what facts the party knew and when." *Id.* at 3. Additionally, Plaintiff has provided the Court with the relevant pre-suit investigation documents for *in camera* review.

After careful consideration, the Court finds that Plaintiff has not affirmatively used the pre-suit investigation documents at this time. Plaintiff currently contends that it will rely on, among

other things, witness testimony "regarding what [Plaintiff] knew and when" and will not rely on the pre-suit investigation to rebut the assertion of laches. *Id.* at 3-4. Plaintiff has walked a thin line regarding these documents and the Court urges Plaintiff to tread carefully from this point forward. As such, the Court does not find that Plaintiff has waived privilege regarding the 2008 pre-suit investigation documents. The Court does find, however, that these documents are privileged and Plaintiff was under the misguided belief that the parties had agreed not log such documents. Thus, Plaintiff is ORDERED to log all documents in its privilege log *with specificity* and Plaintiff is ORDERED to pay Defendant's costs associated with bringing this motion.

Defendant next argues that Plaintiff has waived privilege, by using affirmatively, nineteen (19) documents on its privilege log that appear to address whether Plaintiff had knowledge of Defendant's alleged infringement prior to 2008. *Id.* at 15-16. Plaintiff asserts that it has never used such documents affirmatively in this litigation. *Id.* at 2-3. The Court agrees and refuses to find wavier of privilege regarding these documents.

Defendant finally asserts that Plaintiff has waived privilege, by using offensively, twenty-three (23) documents that allegedly relate to Defendant's inequitable conduct claim. *Id.* at 16-18. Plaintiff again contends that it has not put these documents at issue. *Id.* at 4-5. The Court agrees and refuses to find waiver.

Defendant's Emergency Motion to Compel Documents and for Sanctions (Doc. No. 552) is **GRANTED** to the extent that Plaintiff is ORDERED to pay Defendant's costs associated with the Motion and must supplement its privilege log to include all pre-suit investigation documents by October 21, 2010. Defendant's Motion is **DENIED** to the extent that the Court finds no waiver, at this time, of attorney-client privilege or work-product protection regarding the six categories of

document highlighted in the parties joint brief.

**So ORDERED and SIGNED this 15th day of October, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE